## M. D. Fessler v. M. B. Haas & Co.

1. Settler on Public Lands; *Interest, Subject to Attachment.* Where an attachment is levied upon lots in a town, and the buildings thereon, a motion to discharge the attachment will not be sustained upon the ground, as shown by affidavits, that the town site was public lands of the United States and had not yet been proved up upon by the probate judge of the county in trust for the occupants.

2. Homestead; *Abandonment.* Testimony showing that a husband deserted his family in this state and took up his residence in another state, and that thereafter the wife removed from the residence upon particular lots or lands occupied by herself and family at the time of her husband's leaving, onto other lands which she preëmpted as and for a homestead, and that subsequently to such removal and attempt to secure a homestead for herself she removes with her children from this state and takes up her residence in the state to which her husband had gone and still remained, held sufficient to show an abandonment by the husband of his homestead on the lots and lands first mentioned.

*Error from Osborne District Court.*

Haas & Co. sued *Fessler*, and obtained an order of attachment which was levied on certain property. *Fessler* moved to dissolve the attachment. The district court, at April Term 1876, overruled said motion, and *Fessler* brings the case here on error. The facts and proceedings are stated in the opinion.

*A. J. Banta,* for plaintiff in error.

*R. G. Hays,* for defendant in error.

The opinion of the court was delivered by

Brewer, J.: Proceedings in attachment. The ground of the attachment was, the non-residence of the defendant. Service was sought by publication. Defendant appeared specially, and moved to set aside the attachment on several grounds. The motion was overruled, and judgment, and order of sale of attached property, entered. Of these the defendant complains, and brings the record here. He claims that the property attached was at the time the property of

the United States, and therefore not subject to attachment. It consisted of two lots in Osborne City, and the improvements. Two affidavits were filed, that the improvements were made under the laws of congress respecting town sites, and that the town site had not been proved up upon by the probate judge of the county in trust for the occupants thereon. It was not pretended that Fessler had no interest in these lots and the buildings thereon, nor that he did not own the improvements. Indeed, another of the grounds presented for setting aside the attachment was that the property was Fessler's homestead. The two claims seem a little inconsistent. One, that Fessler did not own the property, and therefore there was nothing to attach; and the other, that it was exempt from attachment because it was his homestead.

It seems to us, under our statutes respecting contracts for the sale or purchase of public lands and conveyances of improvements upon such lands, (Gen. Stat., p. 184, §§ 9 and 10,) and the laws of the United States respecting the proving up of town sites for the benefit of the occupants, that it must be held that Fessler had sufficient interest in the property to be reached by the process of the courts, and to sustain the attachment. By those sections, his contracts and conveyances as to such property would be good. If his voluntary conveyance is good, why may not an involuntary conveyance be sustained? If he owned nothing, he has lost nothing.

1. Interest of settler on townsite.

A second claim is, that the property was occupied as a homestead by the family of Fessler, and therefore exempt. The testimony abundantly supports the finding of the court against this claim. The only testimony in favor of it was the affidavit of Mrs. Fessler, that it was so occupied and that any absence therefrom was only temporary. As against this, was the affidavit of the plaintiffs' attorney, that Fessler was a non-resident; the affidavits of two witnesses, showing that one Dr. Gibboney was in the actual occupation of the premises, that M. D. Fessler had

2. Homestead claim; abandonment.

15—19 KAS.

left the state some months before, and gone to Missouri, that Mrs. Fessler stated that her husband had deserted her, and that she had sent her children to her own mother because of such desertion, and that she thereafter moved onto a tract of land for a preëmption, and then, prior to the attachment, went to Missouri, taking all her household goods, and returning some months thereafter, and a short time prior to the hearing of the motion, and without her children, stated that she only intended to stay until after the settlement of this case, and then intended to return to Missouri. Upon this testimony we think the ruling of the court was correct.

The remaining claim of counsel, as to the insufficiency of the affidavit for and notice of publication, is not borne out by the record. At least he has made no specification of any defect.

Upon the whole record, we see no error, and the judgment will be affirmed.

HORTON, C. J., concurring.