·Reasoner v. Markley.

---

SARAH B. REASONER, *et al.*, V. HENRY D. MARKLEY, *et al.*

1. SETTLER ON PUBLIC LANDS, ETC., *May Mortgage Interest.* A settler and occupant upon public lands settled upon and occupied as a town site under the act of congress of March 2, 1867, (14 U. S. Stat. at Large, 541,) has such an interest in the land which he occupies that he may mortgage the same while the title still remains in the United States; and if he afterward procure the title the mortgage will not be void.

2. NEITHER OF TWO ACTIONS, *A Bar to a Third; Res Adjudicata.* Where the holder of a promissory note, secured by a mortgage on real estate, commences an action against the maker of the note and mortgagor, for the recovery of the mortgaged property, in which action he fails; and afterward the mortgagor commences an action against the holder of the note and mortgage, to have a certain deed set aside, and to have the title to the property declared to be in the mortgagor, in which action the mortgagor succeeds; and afterward the holder of the note and mortgage commences an action against the mortgagor to recover a money judgment on the note, and to have the mortgaged property sold to satisfy such judgment: *Held,* That neither of the first two actions is a bar to the prosecution of the third; and the subject-matter of the third cannot be considered as *res adjudicata.*

3. SET-OFF, *What is Not.* Under the circumstances of this case, *held,* that expenses incurred in defending a certain action of ejectment, and in prosecuting an action to set aside a certain deed, are not proper subjects of set-off or counter-claim in an action on a promissory note and mortgage, prosecuted by a person who was not a party to either of the first two mentioned suits.

*Error from Osborne District Court.*

ACTION brought by *Markley* and another against *Reasoner* and three others, upon a promissory note, and to enforce a

lien upon certain real estate.    Trial at the September Term,
1879, of the district court, and judgment against the defend-
ants.    The defendants *Markley* and *Bair* bring the case here.
The opinion states the facts.

A. *Saxey*, for plaintiffs in error.

Z. T. *Walrond*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Henry D.
Markley and Isaac N. Bair against Sarah B. Reasoner and
Stephen H. Reasoner, and others, to recover a judgment upon
a promissory note, and to enforce a lien upon certain real
estate, which lien was created for the purpose of securing the
payment of said note, and was created by an instrument in
writing, which is claimed to be in effect a mortgage.    Judg-
ment was rendered in the court below in favor of the plain-
tiffs and against the defendants, who now bring the case to
this court.

The defendants below (plaintiffs in error) make three points
in this court: First, That the property claimed to have been
mortgaged belonged at the time to the government of the
United States, and was not subject to be mortgaged; second,
that the subject-matter of this action is *res adjudicata;* third,
that the defendants' set-off for damages should have been al-
lowed in the court below.

The facts of this case are substantially as follows: In 1871,
the town site of Osborne City was settled upon and occupied
as a town site, under the act of congress of March 2, 1867.
(14 U. S. Stat. at Large, 541.)    The town site was divided
into lots, and T. J. Clark settled upon and occupied the lots
claimed to have been mortgaged in this case, which lots were
a part of said town site.    On January 28, 1873, Clark and
wife executed a warranty deed to Stephen H. Reasoner and
Albert E. Saxey for said lots.    On August 27, 1873, Reasoner
and wife executed a warranty deed to Saxey for an undivided
half-interest in said lots; and Saxey then executed a warranty

deed to Sarah B. Reasoner (the wife of said Stephen H. Reasoner), for the whole of the property. On May 7th, 1874, said Sarah B. Reasoner and Stephen H. Reasoner executed the promissory note sued on in this action. This note was for $230, executed to the plaintiffs, Henry D. Markley and Isaac N. Bair, dated May 7th, 1874, due in twelve months, and drawing interest from date at the rate of ten per cent. per annum. The consideration for this note was goods sold and money lent to the Reasoners. At the same time that this note was executed, and for the purpose of securing the note, the Reasoners executed a quitclaim deed for the said lots to Markley and Bair, who executed a defeasance back to the Reasoners. The quitclaim deed and defeasance were intended by the parties to be in effect a mortgage to secure the payment of said promissory note; and these instruments, together with the promissory note, are the instruments upon which this action is based. The Reasoners continued in possession of the property. On May 5th, 1875, two days before the note was due, Markley and Bair transferred the note by indorsement to T. J. Clark, and afterward Clark, instead of commencing an action on the note, or on the note and mortgage, commenced an action against the Reasoners for the recovery of the real estate in controversy. Afterward, and on June 11th, 1875, Markley and Bair executed a quitclaim deed for the said lots to T. J. Clark, and afterward T. J. Clark set up this fact in his ejectment case against the Reasoners, not in an amended petition, nor in a supplemental petition, but in a supplemental reply. On December 11th, 1875, the town site of Osborne City was entered in the U. S. land office by the probate judge of Osborne county; and on February 23d, 1876, the probate judge executed a deed for the lots in question to T. J. Clark, upon the ground that Clark was an occupant of the property, and that the Reasoners were not occupants thereof. Afterward the action of Clark against the Reasoners was decided adversely to Clark, and judgment was rendered in favor of the Reasoners. On September 26th, 1876, Sarah B. Reasoner commenced an action against Clark to set aside the deed exe-

cuted by the probate judge to Clark, and in this action judgment was rendered in favor of Sarah B. Reasoner and against Clark, setting aside the deed. Afterward, and on April 11th, 1878, Clark reassigned said promissory note to Markley and Bair, and also at the same time executed a quitclaim deed for the lots in question to said Markley and Bair; and on April 16th, 1878, Markley and Bair commenced this action on said promissory note and on the quitclaim deed from the Reasoners to Markley and Bair, treating such quitclaim deed, together with the defeasance connected therewith, as a mortgage. On September 26th, 1879, judgment was rendered, as before stated, in favor of Markley and Bair, and against the Reasoners. The judgment was a personal judgment for the sum of $253; and the mortgaged property was ordered to be sold to satisfy such judgment. The Reasoners now bring the case to this court.

I. The first point made by the plaintiffs in error, defendants below, that the title to the mortgaged property was in the United States at the time it was mortgaged, and therefore that the mortgage is void, is not tenable. (*Fessler v. Haas,* 19 Kas. 216; *Rathbone v. Sterling,* ante, p. 444.) A settler and occupant upon a piece of land, settled upon and occupied as a town site under the said act of congress, has rights in and to the property although the title may still be in the United States. But the plaintiffs in error do not press this point. They seem themselves to consider that the point is not well taken, and we shall pass to the next point.

II. We think that the point that the subject-matter of this action is *res adjudicata,* is just as untenable as the first point made by the plaintiffs in error. It does not come within the rule enunciated in the case of the *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kas. 127. The first action was for the recovery of real estate; the second action was to set aside a deed, and to declare the title to the property in Mrs. Reasoner; while this action is for the recovery of money on a promissory note, and to foreclose a mortgage; and the plaintiffs in this action were not parties to either one of the other

suits. The other suits were, in all probability, decided correctly; but whether they were or not makes no difference in this case. But viewing those two cases from Clark's standpoint, it would seem that the Reasoners have been fortunate —that is, they have obtained from Clark the property upon which he settled and which he once occupied, and which belonged to him as against all persons except the United States, without ever paying him the consideration therefor which they agreed to pay to him. Clark in his ejectment suit did not base his claim to the property solely upon this note and mortgage; he also had other claims to the property, and evidently procured this note and mortgage for the purpose of bolstering up his other claims; but the note and mortgage did not and could not help him. A simple note and mortgage can never furnish any basis for a cause of action in ejectment. We shall assume that the Reasoners have had the title to the property from the time they first purchased it from Clark and Saxey up to the present time; and by this assumption we virtually say that the first two causes were decided correctly; but such assumption does not at all interfere with the plaintiffs' right in this case to recover upon the note and mortgage. That a mortgage gives no title to property, has been settled repeatedly in this court; and that a deed made by a probate judge in cases of this kind cannot destroy preexisting rights, has also been settled in this court. (*Rathbone v. Sterling*, supra.)

III. The third point made by the plaintiffs in error is also untenable. They claim damages by way of set-off or counter-claim, for expenses incurred in defending said ejectment suit, and in prosecuting said suit to set aside the deed from the probate judge; and these expenses are principally attorney's fees. Now, as we have before stated, the plaintiffs in this action were not parties to either of the said suits; but if they had been, it is not pretended that either of said suits was so malicious or devoid of probable cause as to furnish the basis for an action for malicious prosecution. But in the second suit the plaintiffs in error were themselves the plain-

tiffs. Besides, the plaintiffs in error never tendered the amount due on said promissory note. Possibly, however, Markley and Bair and Clark rendered it unnecessary for them to make any formal tender of the amount. But still they did not tender it; and if they had done so, they have not kept their tender good. They have in this very action attempted in various ways to defeat the plaintiffs' action on the promissory note; and have shown by unmistakable evidence that they are and have been wholly unwilling to pay any sum whatever upon the note or mortgage. They have completely, by their action in this case, destroyed all benefit that they might or could reasonably hope to receive from any supposed or alleged tender that they might at any time have made. The Reasoners are very fortunate in this branch of the case, as well as in the other. They have had the use of the plaintiffs' money for several years; and the court below by its judgment allowed them the use of the money for over five years without any interest thereon. This was another piece of good-fortune for the Reasoners, although Markley and Bair may possibly think that it was not quite fair to them.

The judgment of the court below will be affirmed.

All the Justices concurring.