THE FIRST NATIONAL BANK OF SALINA, KANSAS, v. KINGMAN & COMPANY.

No. 11,843.  (64 Pac. 65.)

RES JUDICATA—*Foreclosure*—*Plea not Sustained.*  In an equitable suit in the nature of a creditor's bill, two of the parties defendant filed answers and cross-petitions, one setting up a judgment against the owner of the land in controversy and the other a mortgage.  A decree was entered adjudging the mortgage lien to have priority over the judgment, but no decree of foreclosure of the mortgage was rendered.  The cross-petition of the mortgagee had attached thereto a copy of the note secured by the mortgage, which showed its maturity, but there was no allegation or proof that it was due.  The special prayer for a foreclosure was based on a contingency which did not happen.  *Held*, that, in a subsequent suit to foreclose the mortgage, a plea of former adjudication by the holder of the judgment cannot be sustained.

Error from Saline district court: R. F. THOMPSON, judge.  Opinion filed March 9, 1901.  *In banc.*  Affirmed.

## STATEMENT.

THIS action was brought in March, 1899, by Kingman & Company, a corporation, to foreclose a mortgage on lands, executed by Freeman Kingman and wife to one E. E. Sharp, in January, 1886, and afterward assigned to said corporation. The note secured by the mortgage was credited with a payment made in June, 1891. Kingman & Company alleged and proved that, in an action brought in March, 1895, by the Chicago Stove Works against various persons holding liens and mortgages on the land (being a suit in the nature of a creditor's bill), Freeman Kingman and wife were made parties defendant, together with Kingman & Company, the First National Bank of Salina, and others; that Kingman & Company and the bank filed answers and cross-petitions in said suit, and the former pleaded that, at a sheriff's sale made on the 15th day of May, 1891, it obtained title to the land, free and clear of all encumbrances and interests, and that, if its claim in that regard was not well founded, it was entitled in equity to be subrogated to all the rights of E. E. Sharp to the amount it paid him for his note and mortgage at the time it was assigned. The bank, in that suit, filed an answer setting up a judgment lien on the land in controversy based on a mortgage given by Freeman Kingman to one E. W. Ober, averring that on the 13th day of March, 1889, said Ober obtained a judgment against Freeman Kingman for the sum of $1010.48, which judgment was sold and assigned to the said First National Bank; that the bank caused an execution to issue thereon and the land in controversy to be sold, and that the same was bought in by said bank, etc. The decree

in said suit brought by the Chicago Stove Works, so far as it is material in this action, recited :

"It is further ordered, adjudged and decreed that the judgment of the defendant, The First National Bank of Salina, Kansas, rendered in this court on the 13th day of March, 1889, in an action then pending in said court, wherein E. W. Ober was plaintiff and Freeman Kingman was defendant, for $1010.48, with twelve per cent. interest from said date, amounting, on this 11th day of December, 1896, to $1949.33, be and the same is hereby declared a lien upon all of said realty prior and superior to that of any of the parties to this suit, save and except that it is subject to the interest of Kingman & Company of Peoria to the extent of the $1500 mortgage and interest thereon made by Freeman Kingman and wife to E. E. Sharp upon (describing the land), amounting, on this 11th day of December, 1896, to $3305.35, which sum is a first lien on said real estate last described, and Kingman & Company be and they are hereby subrogated to all the rights of the holder of said mortgage in the said sum of $3305.35."

The First National Bank, in the court below, pleaded former adjudication and set up the statute of limitations as a bar to the action of defendant in error. There was a decree of foreclosure entered in favor of Kingman & Company.

*Bond & Osborn*, for plaintiff in error.

*Ellis, Cook & Ellis, John D. Milliken*, and *David Ritchie*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This suit involves the application of the doctrine of *res judicata*. The answer and cross-petition of Kingman & Company in the case of the Chicago Stove Works against it and the First National Bank and others set up the Sharp mortgage and the assign-

ment, together with the note, and alleged its owner-
ship of the same. There was no allegation, however,
that the note was due and payable. In the prayer for
relief, Kingman & Company prayed for a decree of
foreclosure of said mortgage, conditional on the event
that certain other proceedings theretofore had, not
necessary to state, were declared to be void, which con-
tingency did not occur. There was a prayer, also, for
general relief.

It is asserted by counsel for plaintiff in error that
Kingman & Company are now estopped and precluded,
by the record in the Chicago Stove Works suit, from
bringing the second action to foreclose the Sharp mort-
gage. The contention is that Kingman & Company,
in its answer and cross-petition to the suit of the Chi-
cago Stove Works, might have obtained all the relief it
is now asking—that is, a foreclosure of its mortgage—
and that, having stopped short of this, and being con-
tent to rest its rights on the decree adjudging its
mortgage lien to be paramount to that of the First
National Bank, it cannot now maintain this suit to
foreclose.

We do not differ with counsel on the proposition of
law stated by them—that matters which might have
been passed on and litigated in the former suit are
considered, when applying the doctrine of *res judicata*,
as having been adjudged. We think, however, that
the rule is not applicable to the facts in this contro-
versy. We must presume that the trial court granted
to Kingman & Company, under its answer and cross-
petition in the former case, the full measure of relief
to which it was entitled under the pleadings. To give
force to this presumption, we base it on the ground
that the Sharp note was not due at the time the cross-
petition was filed. While a copy of the note set up

as an exhibit shows its maturity, yet the evidence, which is not before us, may have shown a different state of facts. Again, the special prayer for relief, which called for the action and judgment of the court on the note and mortgage, prayed for a foreclosure upon the happening of an event which did not take place. The condition failing, the demand for relief based on that condition failed also. As before stated, in the former action we think the court did all that it was called on to do by the holder of the Sharp mortgage; that is, fix its priority with reference to other liens. The judgment of the bank, based on the Ober mortgage, was held to be inferior and junior to the Kingman & Company (Sharp) mortgage. The priority of such liens was, by the decree in that case, conclusively fixed and established. Beyond this the judgment of the court did not go, and we must presume that it was authorized to proceed no further under the proof. We cannot assume that it denied relief legally due to a party. Cases are numerous where suits have been filed in equity to give effect to a prior decree. (Adams, Eq., 6th ed., 415; Story, Eq. Pl., 5th ed., § 429; *Wright v. Bowden*, 1 Jones Eq. [N. C.] 15, 59 Am. Dec. 600; *Root v. Woolworth*, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123.)

The judgment of the court below will be affirmed.