KATHERINE POWER v. MARIA A. SNOW *et al.*

No. 14,869    (88 Pac. 1083.)

SYLLABUS BY THE COURT.

JUDGMENTS—*Res Judicata.* A party to an action which results in a judgment for the sale of lands cannot in subsequent litigation impeach the validity of a sheriff's deed founded thereon by showing that the plaintiff had no authority to maintain such action.

Error from Trego district court; JAMES H. REEDER, judge. Opinion filed February 9, 1907. Affirmed.

Power v. Snow.

*Farrington Power*, for plaintiff in error.

*C. W. Reeder, John A. Nelson, John B. Synnestvedt,* and *Lee Monroe,* for defendant in error Nellie M. Knickerbocker.

The opinion of the court was delivered by

MASON, J.: This is a controversy over the title to real estate. Plaintiff in error, Katherine Power, claims through one William D. Goodnow. Defendant in error Nellie Knickerbocker claims under a sheriff's deed made in virtue of a judgment foreclosing a mortgage given by Goodnow. This mortgage was executed by Goodnow to Dwight M. Snow, a resident of Illinois, who died there testate, Maria A. Snow being his executrix. The foreclosure suit was brought in the name of Maria A. Snow individually. The validity of the judgment therein is attacked upon the ground that Mrs. Snow personally did not own the mortgage and that she could not maintain an action upon it as executrix because authority to do so had not been granted by any probate court in Kansas. Whether Mrs. Snow had a right to foreclose the mortgage was a question necessarily involved in the suit brought by her for that purpose. The judgment was a determination that she had such right, which is binding upon the parties and their privies, of whom the plaintiff in error is one. The matter cannot now be relitigated.

The judgment is affirmed.