MINNIE L. GREENWELL V. JOHN MOFFETT *et al.,*
*as Partners, etc.*

No. 15,280.   (93 Pac. 609.)

.SYLLABUS BY THE COURT.

1. JUDICIAL SALES—*Foreclosure of a Mortgage—Refusal to Sell
in Parcels.* Where a compact body of land sold at public sale,
consisting partly of a tract platted into town lots and used
together with the other land as one farm, can be sold in a
body to better advantage than in parcels, it is not error to
refuse to set aside the sale because a demand to sell in parcels
had been refused.

2. —————— *Motion to Set Aside—Res Judicata.* Where an issue
is presented in the pleadings and tried in a suit of foreclosure
it cannot be again tried at the instance of the losing party
upon a motion to set aside the sheriff's sale in the same suit.

Error from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed January 11, 1908. Af-
firmed.

*Torrance & Bloss,* for plaintiff in error.

*A. M. Jackson,* and *A. L. Noble,* for defendants in
error.

The opinion of the court was delivered by

BENSON, J.: William Greenwell and Minnie L.
Greenwell commenced a suit to cancel certain notes and
a mortgage given by them to John Moffett and Moffett
Brothers & Andrews, alleging duress in the execution
thereof and failure of consideration. The defendants
in that suit pleaded default in the conditions of the
mortgage and prayed for foreclosure. In the reply it
was alleged that the mortgagees were in an unlawful
combination, or trust, and that the consideration for
the mortgage was based on the illegal transactions of
such trust and the mortgage was void for that reason.
Afterward a suit was brought by Moffett Brothers &
Andrews against the Greenwells to foreclose another
mortgage upon the same premises. The defendants in

the last-named suit pleaded as a defense to this mortgage the same matters contained in their reply in the first-named suit, in connection with other charges of oppression and misconduct. The two suits were tried together. The court found for Moffett Brothers & Andrews in both suits, and rendered judgment for the amount of the notes so held by them and for foreclosure of the mortgages. To satisfy these judgments the mortgaged property was sold by the sheriff to John Moffett, one of the firm of Moffett Brothers & Andrews, who filed a motion to confirm the sale. Greenwell and wife filed a motion to set aside the sale, and Minnie L. Greenwell filed objections to the sale. These motions and objections were heard together. The motion to confirm was allowed, and this is the ruling complained of.

The motion to set aside the sale was upon the grounds that the judgment was irregular and void and that the land should have been sold in parcels. The objections were made upon the same grounds, and upon the further ground that the plaintiff firm was in a trust and combination, alleging in substance the same matters stated in the pleadings to cancel the first mortgage and in their defense to the suit upon the second mortgage. Oral evidence was introduced upon the hearing of these motions, from which it appeared that the mortgaged property consisted of a farm of about thirty acres, including several lots on the south side, platted in an addition to the town of Dexter. The evidence tended to prove that the land could be sold to better advantage as a single tract than in parcels, and the land was so sold for $7080, which was more than its market value. In the tier of lots, but not included in the mortgage, were two lots constituting the homestead of the Greenwells, and also some other lots. All the mortgaged property was contiguous, comprising one body of land, occupied and used as a single farm. The plaintiff in error on this hearing offered the same evidence of the illegal trust and combination that had

been previously offered on the trial of the suits. This evidence was properly rejected. An issue tried and determined in the original action cannot be tried again on a motion to confirm the sheriff's sale in the same action. The judgment and finding against the plaintiff in error on that proposition were final. The issue concerning the unlawful trust was *res judicata.* (*Power v. Snow*, 75 Kan. 182, 88 Pac. 1083.)

Mrs. Greenwell, upon the sale, demanded that the property should be offiered in parcels, which was refused. She urged as a special objection to the sale in bulk that her house occupied a foot or two of lot 5, adjoining her homestead, and she desired to have the lots sold separately in order that she might redeem any lot or parcel that she might fail to purchase. On the hearing of the motion no testimony was offered to show that the house was partly upon lot 5. The objections filed by her stated that such was the fact, and the objections were verified by her attorney, but upon belief only. This was not proof. The affidavit did not purport to state a fact, only a belief. (*Thompson v. Higginbotham,* 18 Kan. 42.)

The plaintiff in error also complains because the court ordered a sheriff's deed to be issued in six months, thus reducing the period of redemption. This the court had the right to do, if the property had been abandoned or was not occupied in good faith. (Gen. Stat. 1901, § 4928.) In the absence of any statement in the record to the contrary it must be presumed that proof of this fact was produced. (*Glover v. Lawler,* 45 Kan. 559, 26 Pac. 42.) Besides, no complaint was made of this ruling in the petition in error.

The motion to dismiss this proceeding for want of necessary parties was met by the voluntary appearance of the parties so omitted.

Finding no error in the proceedings, the judgment is affirmed.