No. 21,927.

W. E. TRAYLOR, *Appellee,* v. MARTHA J. ROGERS, *Appellant,* et al.

### SYLLABUS BY THE COURT.

MORTGAGE FORECLOSURE — *Sheriff's Deed — Ejectment — Previous Action No Bar to Present Action.* In an action of ejectment in which plaintiff relied on the execution of deeds as absolute conveyances for title and right of possession, and the defense was that the deeds were in fact mortgages given as security for indebtedness, as to which an accounting was asked, a judgment was rendered finding the deeds to be mortgages and adjudging that plaintiff was not entitled to the possession of the mortgaged land. There was no adjudication as to the indebtedness nor the right of foreclosure. *Held,* that the judgment in that action did not operate as a bar to the maintenance of another ac-

Traylor v. Rogers.

tion between the same parties for the recovery of the mortgage debt and the foreclosure of the mortgages.

Appeal from Ness district court; ALBERT S. FOULKS, judge. Opinion filed February 8, 1919. Affirmed.

*John T. Parsons,* of Wa Keeney, for the appellants.
*Lorin T. Peters,* of Ness City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of ejectment in which the plaintiff prevailed, and from the judgment defendants appeal.

The plaintiff's claim was based on a purchase under an order of sale issued in pursuance of a judgment of foreclosure. The claim of the defendants was that the court which rendered that judgment was without jurisdiction because the matter involved was or might have been adjudicated in the former action. It appears that Martha J. Rogers, the defendant, became indebted to J. C. Hopper on five notes and certain advances of money to the amount of $7,314.10. To secure payment of the indebtedness, defendant executed deeds for several tracts of land in Ness and Trego counties. Hopper went through the form of leasing the land to defendant, Martha J. Rogers, for a rental which appeared to be the equivalent of interest, and she was given the option to purchase the land for $7,200, and there was a further stipulation that she had the right to sell any part of it to others. A provision in the agreement was that if she failed to make any of the payments her rights in the land should be forfeited, and the possession which she held should be surrendered. Payments were not made in accordance with the agreement, and C. F. Edwards, to whom the interest of Hopper had been transferred, began an action of ejectment against Mrs. Rogers. She answered that the deeds were not actual conveyances, but were in fact mortgages to secure her indebtedness to Hopper. She also asked that an accounting of her indebtedness be made, her interest in the land determined, and that plaintiff's claim be declared to be a lien only, with a right of redemption in her. The court found that the deeds were in fact mortgages made to secure an indebtedness to Hopper, in an amount conceded by the parties

to be substantially correct. The court thereupon adjudged that the plaintiff was not entitled to recover possession of the land, and costs were awarded in favor of Mrs. Rogers. Afterwards Edwards brought an action of foreclosure against Mrs. Rogers, setting out the indebtedness and alleging that the deeds were intended to be, and had been, adjudged to be mortgages in a former action; that default had been made in the payment of the debt and the interest; and, further, that she had failed to repay taxes which Edwards had advanced. Although personal service was made on Mrs. Rogers, she did not contest the action nor make any appearance in the case, and a judgment of foreclosure was rendered in favor of Edwards, who later became a purchaser at the foreclosure sale, and the certificate of purchase which was then issued was assigned to the plaintiff herein, W. E. Traylor. As Mrs. Rogers did not yield possession of the land, the present action of ejectment was begun. Mrs. Rogers filed a general denial in this action, and on the trial plaintiff recovered judgment. The files in the two preceding actions, as well as other evidence, were produced, but the record evidence is all that the plaintiff has brought to the attention of the court.

The judgment in the first action cannot be regarded as a bar to the second, nor can it be used as a ground to defeat a recovery in the present action. As we have seen, the first was a suit in ejectment, brought upon the theory that plaintiff was the absolute owner of the land. The defense was that the instruments of conveyance upon which Edwards relied, although in the form of deeds, were in fact mortgages. Whether the land had actually been conveyed by the deeds was the issue tried in the court, and it was determined that they were mere liens, and that the plaintiff was not entitled to the possession of the mortgaged land. The court stopped with this determination, and there was then no occasion to go further. Plaintiff did not ask for judgment on the notes or for a foreclosure, and the pleadings as they were framed did not warrant the court in adjudging a foreclosure. As has been decided, the notes and mortgage were not a basis for a cause of action in ejectment, and that determination was not an adjudication upon the right of Edwards to a foreclosure. (*Reasoner v. Markley*, 25 Kan. 635.) In her answer in the first action, defendant did ask for

an accounting with Hopper as to her indebtedness to him, but according to the findings of the trial court in that case there was no dispute as to the amount of the indebtedness. In giving its judgment on the issue actually submitted to the court, it incidentally mentioned the fact that the amount of the indebtedness of Mrs. Rogers to Hopper was conceded. No finding of indebtedness was made, and the defendant did not insist that one should be made. The matter of foreclosure was not in fact included in the issues, and evidently that subject was not regarded by anyone as part of the merits of the case or necessary to its decision. Neither of the parties to the action suggested the recasting of the pleadings nor the framing of new issues, and it may have been that the case was not at that time ripe for foreclosure. Whether the notes had then been transferred from Hopper to Edwards does not appear, and whether Edwards had a cause of action upon the notes at that time is not shown, and, at any rate, it is clear that the question of a recovery on the notes and the foreclosure of the lien was not adjudicated. To defeat a subsequent action by a judgment in a former litigation, the subject matter of the second suit must have been included in the issues or brought into contest between the same parties. (*A. T. & Santa Fe Rld. Co. v. Stanford,* 12 Kan. 354; *Bank v. Kingman,* 62 Kan. 571, 64 Pac. 65; *Routh v. Finney County,* 84 Kan. 25, 113 Pac. 397.) The judgment in the second suit was in fact a determination that the decision of the first was not a bar to the action of foreclosure. So far as the extrinsic facts were concerned, from which adjudication might be inferred, they must be deemed to have been settled in the second suit in favor of the plaintiff. The present action is a collateral attack upon that judgment. In that action there was jurisdiction of the person and of the subject matter, no defense was interposed, and the determination therein that the merits of the case had not been already adjudicated is not open to collateral attack, but is conclusive upon the parties until vacated or reversed in a proper proceeding. (*Bowman et al. v. Cockrill,* 6 Kan. 311; *Snow v. Mitchell,* 37 Kan. 636, 15 Pac. 224; *Power v. Snow,* 75 Kan. 182, 88 Pac. 1083; *In re Wallace,* 75 Kan. 432, 89 Pac. 687.)

The judgment is affirmed.