No. 29,746.

M. N. MacLean, E. C. Bray, Lois C. Bray and The Bank Savings Life Insurance Company, *Appellees,* v. Roy V. Stuart and Lulu E. Stuart, His Wife, *Appellants.*

(295 Pac. 666.)

Opinion filed February 7, 1931.

*Lester Luther,* of Cimarron, for the appellants.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from an order of the court overruling defendants' motion to set aside an order of the court confirming a sheriff's sale on the ground that the same was void. The appeal is on the record, the pertinent portions of which are as follows: The plaintiff MacLean brought an action against Roy V. Stuart and wife on three separate promissory notes, each secured by a separate mortgage on real property owned by defendants. The petition contained the usual allegations for such an action, and the prayer, among other things, was for the sale of the real property and that the period of redemption be fixed by the court at the confirmation of the sale. There was personal service of summons on defendants. They did not plead or otherwise appear in the action until the filing of the motion, the ruling of which is appealed from. In due time judgment was rendered for plaintiff on the notes and a decree foreclosing the mortgages, which decree provided for the sale of the real property and for the fixing of the period of redemption at the time of the confirmation of the sale. The sale was had in due course and the property was sold to the plaintiff, who thereafter filed motions to confirm the sale, in which motions plaintiff asked the court to fix the period of redemption at six months from the date

of sale. The motions came on to be heard, at which time the court received evidence as to the period of redemption which should be fixed, and made an order and judgment fixing the period of redemption at six months from the date of sale. After that six months had expired and no redemption having been made, sheriff's deeds were issued to the holder of the certificate of purchase. A few days less than eighteen months after the sale, and almost a year after the sheriff's deeds had been issued, defendant Roy V. Stuart filed a motion to vacate and set aside the order and judgment of the court confirming the sale in so far as the same reduced the period of redemption to six months, "for the reason that said judgment and order is void, and because of irregularities in obtaining same"; and further moved "the court for permission to redeem the said above-described real property from said sale, and hereby tenders into court such sum of money as may be necessary to so redeem, together with interest and costs." No money was in fact paid by defendants to the clerk of the court for the redemption of the property. This motion came on to be heard on a day more than eighteen months after the sale. It appears that no evidence, other than the papers filed in the case, was offered in support of the motion, but after the arguments of counsel the court found that its orders and judgments confirming the sale were not void, and that the same were regularly obtained and should not be set aside, and that defendants' motion should be overruled, and rendered judgment accordingly. It is from this judgment that defendants have appealed.

Since there was no showing of any irregularity in obtaining the order and judgment of confirmation, the sole question before us is whether they were void. Appellants contend that they were void for the reason that neither in the petition filed by plaintiff nor in the motion to confirm was any fact alleged which would authorize the court to fix the period of redemption at six months. Appellants argue that the ordinary period of redemption is eighteen months (R. S. 60-3438), and that this can be reduced only in two situations: (1) When the lien was for the purchase price of real estate on which less than one-third of the purchase price had been paid (R. S. 60-3466), or (2) when the court shall find that the lands have been abandoned or not occupied in good faith (R. S. 60-3439). In *Marsh v. Votaw*, 102 Kan. 747, 749, 172 Pac. 30, it was said:

"The provision [R. S. 60-3466] fixing the six-months' period of redemption

in case of foreclosure of the lien for the purchase price before one-third has been paid, does not require a recital of the facts either in the pleadings or the judgment."

Applying that rule to the record in this case, the decree of confirmation was neither void nor even irregular.

In *Greenwell v. Moffett*, 77 Kan. 41, 43, 93 Pac. 609, complaint was made because the court ordered a sheriff's deed to be issued in six months, thus reducing the period of redemption. It was said in the opinion:

"This the court had the right to do, if the property had been abandoned or was not occupied in good faith. . . . In the absence of any statement in the record to the contrary it must be presumed that proof of this fact was produced." .

The court of necessity had before it in the foreclosure action the question of the period of redemption. In *Ehrsam v. Smith*, 61 Kan. 699, 60 Pac. 740, it was said:

"A judgment of a court having jurisdiction of parties and subject matter foreclosing a mortgage on real estate executed after the passage of the redemption act of 1893, . . . which erroneously orders a sale and conveyance of the property without providing for redemption, is not a nullity, and cannot be successfully assailed by collateral attack." (Syl.)

From these authorities it necessarily follows that the judgment of the court in fixing the period of redemption was not void and could not be set aside for that reason.

The judgment of the court below is affirmed.