No. 18,520.

THE CITY OF TOPEKA, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee.*

SYLLABUS BY THE COURT.

1. DRAINAGE DISTRICT—*Levee Across Public Street—No Power to Build Approaches or Raise Grade of Street.* In the construction of a levee for the purpose of preventing the overflow of the Kansas river, the board of county commissioners of Shawnee county erected in a street in the city of Topeka a concrete wall thirteen feet high. In an action by the city to compel the county board to abate the same as a nuisance and restore the highway to its original use by building suitable approaches so that the street could be used for public travel, it is held, that the county board has no authority to raise the grade of the street nor to determine the kind and character of approaches necessary, nor to construct the same.

2. SAME—*Levee Lawfully Constructed—City Must Maintain the Street Grades.* Chapter 104 of the Laws of 1893, and acts amendatory and supplemental thereto, creating drainage dis-

tricts and providing for the building of levees, in no wise limits or modifies the duty of the city to keep its streets in a safe condition for travel. The care and control of the streets are in the city; its prior and continuing authority yields only so far as to permit the construction of the levee by the drainage board in accordance with the act of the legislature.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 10, 1914. Affirmed.

*W. C. Ralston*, city attorney, and *James W. Clark*, assistant city attorney, for the appellant.

*Ernest R. Simon*, and *Edwin A. Austin*, both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The city of Topeka sued the board of county commissioners of Shawnee county for the abatement of a nuisance. Within the corporate limits of Topeka there is a highway forty feet wide, known as the "River Road," running in a northeasterly direction along the south bank of the Kansas river. The petition alleged that during the year 1911 the county board constructed a concrete wall thirteen feet high crossing the "River Road" diagonally and thus obstructing the travel thereon, and that the wall constitutes a public nuisance. A mandatory injunction was asked to compel the defendant to abate the nuisance and restore the road to its original use by building suitable and proper approaches on both sides of the concrete wall so that the street could be used for public travel.

The answer alleged that the wall is a part of a levee constructed by "Drainage District No. 6 of Shawnee county," in pursuance of proper proceedings before the board of county commissioners under the provisions of chapter 104 of the Laws of 1893, and the acts of the legislature amendatory and supplemental thereto; that except so far as the construction of the levee across

the street necessarily obstructs the use of the same as a highway, the care, maintenance and control of the street, together with the power of changing the grade thereof and the duty to keep the same open for travel, remains in the plaintiff, the prior and continuing authority of the city yielding only so far as to permit the board of county commissioners to construct the levee for the purpose of preventing the destruction of property by the overflow of the Kansas river in time of floods. The court overruled a demurrer to this part of the answer; and from this ruling the city has appealed.

It will thus be seen that the real controversy is, which one of the two agencies of the state should build the necessary approaches so as to permit travel over the wall of the levee. In the briefs plaintiff has cited authorities holding that the right to cross a highway does not authorize an appropriation of any part of it, nor a material interference with public travel; and contends that unless authority is expressly conferred by the legislature, no person or corporation, public or private, has the right permanently to obstruct a public highway. It must be manifest that the wall in question was not constructed under any pretense of exercising the right to cross a highway, and that cases involving the duty of a railway company to maintain crossings where its road intersects public highways can furnish no aid in solving the question here. We think the demurrer was properly overruled. The board of county commissioners acting as a drainage board and the city are both agencies of the state. "The state is the sovereign power, and cities, towns and all other municipalities are its subsidiary agencies for governmental purposes." (*The State v. Lawrence,* 79 Kan. 234, 257, 100 Pac. 485.)

"Indeed, everything relating to the management of counties, cities and townships not defined and limited by the constitution may be taken away by the state

acting through its legislature, and as to these political divisions and their agents the legislature has the same power that it possesses over state officers." (*In re Dalton,* 61 Kan. 257, 264, 59 Pac. 336, 47 L. R. A. 380.)

The legislature authorized the creation of drainage districts, quasi-municipal corporations, as subsidiary agencies of the state, and gave them power to take public as well as private property for the purpose of erecting levees.

In the recent case of *The State v. Shawnee County,* 83 Kan. 199, 110 Pac. 92, the validity of the law under which the defendant constructed this levee was before the court for consideration. One of the questions involved was whether the streets of the city of Topeka could be taken by levee proceedings. It was said in the opinion:

"It is said that the streets of the city of Topeka can not be taken by levee proceedings, that no damages are allowed the city for streets taken, that benefits to streets from the levee are assessed to the city, that no method for collecting such assessments is provided, and consequently that the proceedings attacked are unlawful. The city of Topeka and its streets are wholly subject to the control of the legislature. The legislature has appointed the board of county commissioners to decide whether a levee partly within a city is necessary to prevent inundation from overflowing rivers, and to promote the public health, convenience and welfare. If the decision be that such a levee is necessary, and that it must occupy a portion of a city street, one public use yields to the other. A city is not the owner of its streets in any private proprietary sense, but is merely the agent of the state respecting them for the promotion of certain public purposes. Consequently the appropriation of its streets gives the city no right to damages, under the statute, as an owner of a division of the land taken." (p. 204.)

The statute authorizing the creation of drainage districts gave the board its authority; and where the board, acting in good faith, determines that it is necessary to occupy a portion of a city street in the building

of a levee, it necessarily follows, as said in *The State v. Shawnee County,* supra, that "one public use yields to the other." Manifestly the board of county commissioners has no authority to raise the grade of the street or to determine the kind or character of approaches to be constructed so that the public may travel across the levee. The duty to keep its streets, avenues, alleys and bridges in a safe condition for travel rests upon the city under the ordinary powers which the statute confers upon it. (*Comm'rs of Shawnee Co. v. City of Topeka,* 39 Kan. 197, 18 Pac. 161.) The act creating drainage districts and providing for the building of levees in no respect limits or modifies this power and authority of the city. The care and control of the streets are in the city; its prior and continuing authority yields only so far as to permit the construction of the levee in accordance with the act of the legislature.

The judgment is affirmed.