No. 31,931

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant,* v. E. HORTENSIA PATTEN et al., *Defendants;* RAYMOND F. HENDERSON and RUBY M. HENDERSON, *Appellees.*

(38 P. 2d 143)

Opinion filed December 8, 1934.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Margaret McGurnaghan, Ralph M. Hope* and *John H. Hunt,* all of Topeka, for the appellant.

*E. A. Austin, John M. Williams* and *Donald C. Allen,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal is by the plaintiff in a mortgage foreclosure case from the ruling of the trial court sustaining the motion of the defendant owner to set aside the sheriff's sale and its confirmation because the bid made by the plaintiff, the purchaser, was substantially inadequate.

The decree of foreclosure gave the plaintiff a personal judgment against the owner of the land and a first lien thereon. Two defendants, having filed cross petitions, were each given personal judgments against the owner and subsequent liens upon the same land. One of these was prior to the other, thus making a first, second and third lien upon the land. After fourteen months' delay the plaintiff filed a præcipe for an order of sale, and at the sheriff's sale bid the full amount of its judgment, taxes, interest and costs, and thereafter the sale was confirmed and the eighteen months' redemption period was allowed. The owner, shortly after confirmation, filed this motion, stating and urging that any bid which did not include all three judgments, interests thereon, taxes and costs would be substantially inadequate. The trial court did not accept this view of the law urged by the owner, but held that the second mortgage, being a commission mortgage, should be considered as a part of the same transaction in which the agreement for the first mortgage was made and the two together should be considered as one judgment, and any bid which was less than the total sum of the two judgments, interest, taxes and costs was substantially inadequate.

The journal entry contained a provision to the effect that if the holder of the second lien should within twenty days voluntarily release its judgment, the decree of confirmation might stand, and further shows that after twenty days it was not released. So the sale and confirmation were set aside and held for naught, and the court fixed the total of the first and second judgment liens, with interest, taxes and costs, as the minimum or upset price for which the property must be sold in order to be confirmed.

R. S. 60-3463 provides that "the sheriff shall at once make a return of all sales made under this act to the court; and the court, if it

finds the proceedings regular and in conformity with law and equity, shall confirm the same." The history of this section, and earlier ones along the same line, and the construction our court has given it, are plainly and in detail set out in the opinion in the case of *Kaw Valley State Bank v. Chumos*, 138 Kan. 714, 27 P. 2d 244. That opinion closes with a reference to the new act of the legislature interpreting this section (Laws 1933, ch. 218), which was too late to be controlling in that case. This new act, being designated as R. S. 1933 Supp. 60-3463a, is as follows:

"The court in determining whether or not the proceedings in judicial sales are regular and in conformity with law and equity, as expressed in section 60-3463 of the Revised Statutes of Kansas of 1923, may decline to confirm the sale where the bid is substantially inadequate, or, in ordering a sale or a resale, may, in its discretion, if conditions or circumstances warrant and after a proper hearing, fix a minimum or upset price at which the premises must be bid in if the sale is to be confirmed, or the court may, upon application for the confirmation of the sale, if it has not theretofore fixed an upset price, conduct a hearing to establish the value of the property, and as a condition to confirmation require that the fair value of the property be credited upon the judgment, interest, taxes and costs. A sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate. This act is intended as declaratory of the equity powers now existent in the courts under section 60-3463 of the Revised Statutes of Kansas of 1923."

This interpretation makes plainer and easier the duty of the court in determining whether or not the bid is substantially inadequate and whether or not the proceedings are regular and in conformity with law and equity. The last sentence but one in this new interpretive section completely settles the question of inadequacy of bid in this case, unless the first and second judgments and liens must be considered as one judgment and lien. In the case of *State v. Shawnee County*, 83 Kan. 199, 110 Pac. 92, it was held:

"The legislature has the power, under the constitution, to declare by a later act the meaning and intention of an earlier one, and in such event the legislative interpretation is binding in all cases arising after it has been made manifest." (Syl. ¶ 2.)

This rule was followed in the more recent cases of *Dew v. Davis et al.*, 115 Kan. 219, 224, 222 Pac. 750, and *State, ex rel., v. Wheat Farming Co.*, 137 Kan. 697, 712, 22 P. 2d 1093.

There is no question here involved as to the value of the property sold as there was in the Kaw Valley State Bank case, *supra*. The sole question here is whether the second lien is really a part of the first judgment and lien, because the trial court says in the journal

entry that it is a part of the same transaction. The second lien and judgment is in favor of a different corporation than the plaintiff. The holder of the commission mortgage, the second lien, may have earned the commission, either as the agent of the lender or borrower. In either event the borrower has by his own act separated the commission entirely from the loan, or the extension of the loan, by executing in payment thereof a separate note and a separate mortgage, acknowledging in the latter that it is a separate indebtedness and subordinate, subject and inferior to the first mortgage as a lien on the property—a very different method of handling the transaction than by deducting the commission from the amount of the loan, under which method the commission might very reasonably be called a part of the same indebtedness or judgment.

We cannot agree with the trial court that in the face of the unambiguous language of the interpretive section of the statute, above quoted, as to what is to be deemed an adequate bid, a commission note and mortgage designated by the landowner as a second lien and held by a different party than the plaintiff is a part of the plaintiff's judgment and lien. We are cited no precedent or holding in support of the view that the two judgments should be considered as one.

We think the defendant's motion to set aside the sheriff's sale and the confirmation thereof should have been overruled. It is so ordered, and the judgment is reversed.