No. 35,931

The Federal Land Bank of Wichita, *Appellee*, v. Frank C. Heath (also known as F. C. Heath) and Daisy B. Heath, His Wife, *Appellants*.

(141 P. 2d 378)

Opinion filed October 2, 1943.

*Tinkham Veale*, of Topeka, argued the cause for the appellants.

*Edward H. Jamison*, of Wichita, argued the cause, and *Robert C. Dow*, *Conrad L. Ball*, *W. J. Glass*, all of Wichita, *Thomas M. Lillard*, *O. B. Eidson*, *Philip H. Lewis* and *James W. Porter*, all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was a real-estate mortgage foreclosure action. Plaintiff prevailed and the original mortgagors have appealed.

The appeal is by Frank C. Heath, also known as F. C. Heath, and by Daisy B. Heath, his wife. The appeal is solely from the order of confirmation of sale. It is appellants' contention the land sold is worth from $15,500 to $18,500 and that the trial court erred in confirming the sheriff's sale at which appellee (plaintiff) purchased the property for the sum of $7,226.86, the amount of its judgment, taxes, interest and costs.

On January 1, 1934, appellants executed and delivered to appellee Federal Land Bank of Wichita a note in the sum of $5,800 and a first mortgage securing the same on a farm in Shawnee county. On the same date appellants executed and delivered to the defendant and cross petitioner, the Federal Farm Mortgage Corporation, a note in the sum of $2,700 and a second mortgage on the same land

to secure that note. In 1936 appellants sold the farm to the defendants, F. F. Cloud and Mary E. Cloud, his wife. There is no evidence the Clouds assumed the mortgages, or either of them, as a part of the purchase price. Appellee has volunteered the information that after the sale to the Clouds, the latter entered into an agreement with appellee and the Federal Farm Mortgage Corporation to pay the mortgages in consideration for an extension of time within which to pay past-due installments, but that appellants were not parties to that agreement. When appellee's mortgage became in default appellee filed the instant action to foreclose its first mortgage. The Federal Farm Mortgage Corporation was made a party defendant and filed an answer and cross petition setting up its note and second mortgage but asked only a personal judgment against the Heaths and the Clouds, which was rendered in the sum of $3,072.74, together with interest from date of judgment, September 18, 1942. On the same date judgment was rendered in favor of appellee and against the Heaths and Clouds on appellee's note in the sum of $7,226.86 together with accrued and accruing interest, for the costs of the action and the foreclosure of its first mortgage lien. Personal service had been obtained on each of the Heaths and the Clouds but none of them filed any pleading. They failed to appear at the trial and the above judgments were rendered against them by default.

Appellants concede that in determining the adequacy of the purchase price the provisions of G. S. 1935, 60-3463a, have been construed to be interpretive of the equity powers of the trial court under G. S. 1935, 60-3463. They also admit G. S. 1935, 60-3463a, among other things, expressly provides: "A sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate. This act is intended as declaratory of the equity powers now existent in the courts under section 60-3463 of the Revised Statutes of Kansas of 1923." They argue, however, the two mortgages were really one obligation resulting from a single application for one loan in the sum of $8,500 and that appellee broke up the loan and the two mortgages for its own convenience. Appellants also point out that, under the testimony they introduced in opposition to the confirmation of sale, it was shown statements for interest due were sent to them covering both mortgages as though they constituted a single loan. Appellee objected to the admission of such testimony on the ground those matters had become *res judicata* by the rendi-

tion of the judgments previously mentioned. The court received the evidence subject to appellee's objection.

Appellants insist appellee and the Federal Farm Mortgage Corporation should be considered as one and the same party and as holding a single judgment of foreclosure. With that contention we cannot agree. Appellants might have raised all these matters by filing an answer and joining issues thereon, but this they failed to do. The identity of the creditors, including the separate corporate entity of each, and the validity and ownership of the separate and distinct notes and mortgages held by the respective creditors were all expressly pleaded and determined by the respective judgments from which no appeal was taken. The time for appeal has passed and those matters have become final and cannot be litigated again on a motion for confirmation of sale. The findings and judgment of the court as to those matters, right or wrong, cannot be collaterally reviewed. (*Ehrsam v. Smith,* 61 Kan. 699, 60 Pac. 740; *Greenwell v. Moffett,* 77 Kan. 41, 93 Pac. 609; *Pattison v. Kansas State Bank,* 121 Kan. 471, 247 Pac. 643.)

For the purpose of this review we are, therefore, obliged to consider The Federal Land Bank of Wichita, appellee, and the Federal Farm Mortgage Corporation as separate and distinct corporate entities. We are also compelled to consider the notes and mortgages held by each creditor as representing separate and distinct valid mortgages. Under these circumstances the sale of the land to appellee for the full amount of its judgment, interest and costs was properly confirmed. (*Prudential Ins. Co. v. Patten,* 140 Kan. 708, 38 P. 2d 143; *Federal Land Bank v. Butz,* 156 Kan. 662, 665, 135 P. 2d 883.)

It is true testimony offered on behalf of appellants indicated the property was worth from $15,500 to $18,500. If that be true it would appear appellants should have little difficulty refinancing a loan and redeeming the property if they desire to do so. That, however, is not a matter of our present concern.

Appellants rely upon certain excerpts from opinions in the following cases: *Kaw Valley State Bank v. Chumos,* 138 Kan. 714, 27 P. 2d 244; *Farmers & Bankers Life Ins. Co. v. Brown,* 140 Kan. 458, 36 P. 2d 960; *Prudential Ins. Co. v. Patten,* 140 Kan. 708, 38 P. 2d 143; *Federal Farm Mortgage Corp. v. Crane,* 153 Kan. 114, 109 P. 2d 82; *Broughton v. Murphy,* 155 Kan. 454, 126 P. 2d 207, and cases cited therein. We do not deem it necessary to point out the

facts and circumstances which distinguish those cases from the instant one. A study of the opinions will disclose they do not require a first lienholder to bid the total amount of his judgment, taxes, interest and costs plus the amount of an inferior judgment lien, or liens, in order to constitute an adequate bid under circumstances existing in the instant case. If appellants' contention be sound it frequently would require a first lienholder to bid far more than his judgment, taxes, interest and costs to protect his own lien. Manifestly that was not the intent and purpose of the law.

The judgment is affirmed.