(600 P.2d 1161)

No. 50,502

Geary N. Gorup, *Appellant,* v. Kansas Public Employees Retire-
ment System, *Appellee.*

Opinion filed October 5, 1979.

*Norman G. Manley,* of El Dorado, for appellant.

*Marshall Crowther,* special assistant attorney general, and *Robert T. Stephan,*
attorney general, for appellee.

Before Swinehart, P.J., Abbott and Parks, JJ.

Abbott, J.: This appeal arises out of an action by an elected
official seeking to be removed from the rolls of the Kansas Public
Employees Retirement System (KPERS).

The plaintiff, Geary N. Gorup, became a member of KPERS on
September 1, 1976, while serving as a nonelected official (assist-
ant county attorney) of Butler County, Kansas, a participating
employer. While serving in that capacity he was elected county
attorney. He continued to serve as assistant county attorney until
he took office as county attorney on January 10, 1977. Plaintiff,
after assuming office as an elected official, requested that his
name be withdrawn from KPERS and that the monthly with-

holdings from his salary cease. When KPERS refused to grant this request, Gorup brought this action for an accounting, for recovery of sums withheld and for injunctive relief. The trial judge granted judgment for KPERS and against Gorup. We affirm.

Gorup argues that an elected official who was a member of KPERS prior to his election may withdraw from membership; and that if an elected official may not withdraw, he is deprived of equal protection.

At the center of the issue on ability to withdraw is a 1975 attorney general's opinion and subsequent legislation. Prior to 1975, K.S.A. 74-4911 provided in pertinent part:

"**Eligible employees.** (1) Any employee of a participating employer other than an elected official on the entry date of such employer shall be a member of the system . . . .

"(2) Any employee other than an elected official who is employed by a participating employer after the entry date of such employer and who had not attained age fifty-nine (59) at date of employment shall be a member of the system . . . . Any employee employed after the entry date of his employer who had attained age fifty-nine (59) at date of employment shall not be a member of the system.

"(3) Any employee who is an elected official and is eligible to join the system shall elect to become or not to become a member of the system within thirty (30) days after the entry date or the first day of the month coinciding with or following one (1) year of service, whichever is later. In the event that such elected official fails to file, within the time hereinbefore prescribed, the election to become a member of the retirement system, it shall be presumed that he has elected not to become a member."

"Employee" was defined at K.S.A. 74-4902(14) as follows:

" 'Employee,' any appointed or elective officer or employee of a participating employer whose employment is not seasonal or temporary and whose employment requires at least one thousand (1,000) hours of work per year, but not including: (a) Any employee who is covered by or eligible for or who will become eligible for another retirement plan authorized under any other law of this state in operation on the entry date, except this definition shall not exclude any person as defined herein who is covered only by social security; (b) any person covered by or eligible for or who will become eligible for a retirement annuity under the provisions of K.S.A. 74-4925 except as otherwise specifically provided in said K.S.A. 74-4925(3); (c) any employee who is a contributing member of the United States civil service retirement system; (d) any employee or class of employees specifically exempted by law . . . ."

In addition, the 1973 legislature added to KPERS a provision relative to *elected state officers* "not covered by the agreement between the state of Kansas and the social security administration." This provided, at K.S.A. 1974 Supp. 74-4992:

"Any such elected state officer or former elected state officer as described in section 1 [74-4991] who is eligible to join the system shall become a member on entry date or upon taking the oath of office of the position to which he is elected if such election occurs after entry date and upon filing with the board within thirty (30) days after entry date or upon taking such oath, an election to become or not to become a member of the system. In the event that any such elected state officer or former elected state officer fails to file the election to become a member of the retirement system within the time specified in this section, it shall be presumed that he has elected not to become a member."

After the 1974 general election, some elected officials, at several levels of government, who had been members of KPERS by virtue of employment prior to their election, filed notice of withdrawal. KPERS questioned their right to do so and for its guidance requested an opinion from the attorney general. The attorney general advised that such withdrawals were void (Att'y. Gen. Op. No. 75-67). The opinion referred to K.S.A. 74-4911(3) and K.S.A. 1974 Supp. 74-4992, and stated:

"Clearly, the express language of the cited sections extends to those elected officials who are 'eligible to join the system' an opportunity to elect whether to participate and 'become a member.' With equal clarity, in our opinion, the cited provisions do not extend to those persons who are already members of the Kansas Public Employees Retirement System on the date of their election to public office an election to withdraw from the retirement system. The cited sections are completely inapplicable to persons who upon election to public office are already members of the retirement system. These provisions concern only those persons who at their time of election to office are not members of the retirement system but are eligible to become members. To those persons, these provisions afford an opportunity to elect to participate or not to participate. These provisions provide no basis upon which a person who is not merely 'eligible to join the system,' but who is already a participating member thereof may withdraw upon election to public office."

If the question had been presented to us at that point, we might well have reached a different result than the one we reach today, for the construction placed upon a statute by the opinion of an attorney general is neither conclusive nor binding upon the courts; and when such an opinion is without authoritative legal support, it should not be approved or followed. *Greenwood v. Estes, Savings & Loan Commissioner,* 210 Kan. 655, Syl. ¶ 3, 504 P.2d 206 (1972). Difficulty arises, however, because of the subsequent legislative enactments. K.S.A. 74-4911(3) was and still is ambiguous as to the right of an elected official who is already a member of the system at the time of his election to withdraw. As such, rules of construction may be resorted to. The fundamental rule of statutory construction is, of course, that the intent and purpose of the legislature governs when that intent can be ascer

tained from the statutes. *Brown v. Keill,* 224 Kan. 195, Syl. ¶ 2, 580 P.2d 867 (1978).

There is considerable merit in the argument that the original intent of the legislature was to allow *all* elected officials to elect whether they would be members. We are not persuaded by the reasoning of the attorney general's opinion. The phrase "eligible to join the system" as used in K.S.A. 74-4911(3) seems to refer to the other restrictions on members already set forth in the act. For instance, the definition of "employee" in K.S.A. 74-4902(14) provides certain restrictions on membership, *i.e.,* employment which is not seasonal or temporary and which requires more than 1,000 hours of work per year; that the employee not be eligible for other retirement plans; that the employee not be a member of United States civil service retirement. The phrase, "eligible to join the system," seems, in the context of the act, to more properly refer to these restrictions rather than the status of having been a member in the immediate previous employment. However, the legislature has taken subsequent action which to us clearly expresses legislative intent.

In obvious response to the attorney general's opinion, the 1975 legislature amended the act. A new section, K.S.A. 1975 Supp. 74-4911a, was added. It provided:

"Any election not to participate in the Kansas public employees retirement system which was filed with the office of the Kansas public employees retirement system prior to January 1, 1975, by an elected official who was a member of the Kansas public employees retirement system at the time of taking the oath of office, shall have full force and effect from the date of filing even though such election was void at the time of filing."

K.S.A. 1974 Supp. 74-4992 was amended by 1975 Supp. 74-4992 in pertinent part as follows:

"(*b*) Any member of the legislature who had attained membership in the Kansas public employees retirement system prior to taking the oath of office as a member of the legislature, within thirty (30) days of taking the oath of office, may elect not to participate in the Kansas public employees retirement system for the purpose of service as a member of the legislature."

K.S.A. 74-4911(3) itself has twice been reenacted without material change as part of an amendment of 74-4911. See L. 1977, ch. 273, § 1; L. 1979, ch. 246, § 1.

Thus, after the attorney general interpreted the statutes to not allow an elected official already a member of KPERS to withdraw, the legislature (1) explicitly exempted itself from such an interpretation, (2) provided retroactive relief to any official making

such an election to withdraw prior to January 1, 1975, and (3) implicitly declined to exempt other elected officials in such a position.

K.S.A. 1978 Supp. 74-4911a seems to adopt the attorney general's interpretation. It validates elections to withdraw made prior to January 1, 1975, "even though such election was void at the time of filing." This arguably is a legislative declaration of the meaning of K.S.A. 74-4911(3). Legislative intent of the meaning of the original act may be gleaned by a subsequent amendment of the act, and in such event the legislative interpretation is binding in all cases arising after it has been made manifest. *State v. Shawnee County,* 83 Kan. 199, Syl. ¶ 2, 110 Pac. 92 (1910). See also *Kucera v. State,* 160 Kan. 624, 629, 164 P.2d 115 (1945); *Prudential Ins. Co. v. Patten,* 140 Kan. 708, 38 P.2d 143 (1934). In addition, there is the amendment of K.S.A. 74-4992 which specifically allowed members of the legislature to withdraw. When the legislature amends provisions of a statute, it is presumed the legislature intended to change the law from that which it was prior to the amendment, and such amendment may be considered in construing the act prior to amendment. *Safeway Stores, Inc. v. Director of Revenue,* 211 Kan. 594, 595, 506 P.2d 1124 (1973).

Both of these enactments must be considered together with the fact that K.S.A. 74-4911(3) was *not* changed and has twice been reenacted without change. Executive construction of a statute is entitled to additional weight when it has been impliedly endorsed by the legislature, as by reenactment in the same or substantially same terms, or by failure of the legislature, with knowledge of such construction, to change the law or adopt amendments. 82 C.J.S., Statutes § 359, p. 769. The presumption of adoption of such interpretations has added force when the reenacted statute, in which the provision in question was not changed, made changes in other provisions. *Hamby v. McDaniel,* 559 S.W.2d 774 (Tenn. 1977). Similarly, legislative inaction as evidence of implied endorsement is maximized by detailed changes made to related statutes. *Palmore v. Superior Court of District of Columbia,* 515 F.2d 1294 (D.C. Cir. 1975). The legislature was obviously aware of the attorney general's opinion and amended the law in response to it. It chose not to grant an exception for elected officials in plaintiff's situation and we deem its failure to do so as an expression of intent on the part of the

legislature that persons in plaintiff's position not be allowed to withdraw from KPERS.

Gorup next argues that such a construction violates the principle of equal protection. The following statement from *Manzanares v. Bell*, 214 Kan. 589, 612-13, 522 P.2d 1291 (1974), summarizes the applicable rules of review:

"It should be noted that this court is not made the superintendent of legislative activity under principles of equal protection. (*Griswold v. Connecticut*, 381 U.S. 479, 14 L.Ed.2d 510, 85 S.Ct. 1678.) Equal protection principles do not restrain the normal exercise of governmental power, but only abuse in the exertion of such authority. The principle of equal protection is not offended against simply because the exercise of the power may result in some inequality. (*Louisville & Nashville R. R. v. Melton*, 218 U.S. 36, 54 L.Ed. 921, 30 S.Ct. 676.) There is no precise application of the rule of reasonableness in classifying, and equality permits many practical inequalities. There need not be an exact exclusion or inclusion of persons and things. (*Magoun v. Illinois Trust & Savings Bank*, 170 U.S. 283, 42 L.Ed. 1037, 18 S.Ct. 594.) The state enjoys a wide range of discretion in distinguishing, selecting, and classifying, and it is sufficient if a classification is practical and not palpably arbitrary. (*Orient Insurance Company v. Daggs*, 172 U.S. 557, 43 L.Ed. 552, 19 S.Ct. 281; *Shelton v. Phalen*, 214 Kan. 54, 519 P.2d 754; *State v. Weathers*, [205 Kan. 329, 469 P.2d 292]; *Tri-State Hotel Co. v. Londerholm*, 195 Kan. 748, 408 P.2d 877; *Martin v. Davis*, 187 Kan. 473, 357 P.2d 782, app. dismissed 368 U.S. 25, 7 L.Ed.2d 5, 82 S.Ct. 1; *Board of County Comm'rs v. Robb*, 166 Kan. 122, 199 P.2d 530.) '. . . To be able to find fault with a law is not to demonstrate its invalidity. It may seem unjust and oppressive, yet be free from judicial interference. The problems of government are practical ones and may justify, if they do not require, rough accommodations . . . What is best is not always discernible; the wisdom of any choice may be disputed or condemned. Mere errors of government are not subject to . . . judicial review. . . .' (*Metropolis Theatre Co. v. Chicago*, 228 U.S. 61, 69, 70, 57 L.Ed. 730, 734, 33 S.Ct. 441, 443.)"

The contested construction in this case is based on whether the elected official is a member of KPERS at the time he assumes office. Gorup argues that the contested construction is unreasonable because an employee who lacks one day of completing a year's service prior to becoming an elected official could elect not to be covered, while one who has an additional day's service as an employee, and hence has one year's service, could not elect to be a nonparticipant in KPERS. The answer to that argument is simply that the line must be drawn somewhere, and the choice of where to draw that line is the legislature's prerogative. Unless the line drawn can be said to be "very wide of any reasonable mark" it must be accepted on review. *State ex rel. Schneider v. Liggett*, 223 Kan. 610, 619, 576 P.2d 221 (1978). The State has a vested interest

in having its employees and elected officials participate in a retirement plan for obvious reasons, not the least of which is that it encourages the experienced employee to remain in the employment of the State. A classification of elected officials who may elect not to join the system, based on whether the elected official was a member prior to assuming office, is "practical and not palpably arbitrary" and as such it does not offend the principle of equal protection.

Affirmed.