The Honorable Phil Martin State Senator, Thirteenth District 403 W. Euclid Pittsburg, Kansas 66762
Dear Senator Martin:
As senator for the thirteenth district, you request our opinion regarding whether the declaration of party affiliation by voters may be conducted door-to-door.
State statutes regarding party affiliation of voters are set forth in K.S.A. 25-3301 et seq. "Each registered voter of this state who has declared a party affiliation as provided in [K.S.A. 25-3301] or inK.S.A. 25-3304 and amendments thereto shall be entitled to vote at every partisan primary election." K.S.A. 25-3301 (emphasis added). The manner for declaring one's party affiliation pursuant to K.S.A. 25-3301 is set forth in subsection (c) of the statute:
 "(c) The party affiliation list provided for by subsection (b) shall be used to determine the party affiliation of a voter offering to vote at a partisan primary election. If a voter's party affiliation is not indicated on the party affiliation list, such voter shall state his or her party affiliation in writing on a form prescribed by the secretary of state. One of the judges then shall give such voter a primary ballot of the voter's party affiliation, and such person thereupon shall be entitled to vote. Such a statement of party affiliation shall constitute a declaration of party affiliation, and all such signed statements shall be returned to the county election officer, who shall cause them to be recorded on the party affiliation list." (Emphasis added.)
Additional manners in which a voter may declare affiliation with a political party are set forth in K.S.A. 1991 Supp. 25-3304:
 "(a) Any person who has declared such person's party or voter affiliation in the manner provided by law
shall be listed on a voter affiliation list as a member of a registered political organization, or on a party affiliation list if a member of a recognized political party, unless the person's name is purged or removed therefrom as provided by K.S.A. 25-3303, and amendments thereto, or unless the person changes party or voter affiliation as provided in this section.
 "(b) Any person, who, having declared a party or voter affiliation, desires to change the same, may file a written declaration with the county election officer, stating the change of party or voter affiliation. Such declaration shall be filed not less than 14 days prior to the date of any national, state, county or township primary election. The county election officer shall enter a record of such change on the party or voter affiliation list of such preceding primary election in the proper column opposite the voter's name.
 "(c) Any person who has never declared a party or voter affiliation in the county in which such person resides may file a written declaration with the county election officer, stating the person's party or voter affiliation. Such declaration shall be filed not less than 14 days prior to the date of any national, state, county or township election. The county election officer shall enter a record of such declaration on the party or voter affiliation list of the preceding primary election in the proper column opposite the voter's name." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Id. at 516. All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference thereto. Early Detection Center, Inc. v.Wilson, 248 Kan. 869, 874 (1991). Executive construction of a statute is entitled to additional weight when it has been impliedly endorsed by the legislature, as by reenactment in the same or substantially same terms, or by failure of the legislature, with knowledge of such construction, to change the law or adopt amendments. Gorup v. Kansas Public EmployeesRetirement System, 3 Kan. App. 2d 676, 680 (1979).
The legislature has generally treated declaration of a party affiliation as an extension of registering to vote. In the past, statutes regarding registering to vote and declaring a party affiliation were contained in chapter 2 of article 25 of the Kansas Statutes Annotated. See L. 1968, ch. 406. Declaration of a party affiliation is subject to a similar time restriction as registering to vote. See
K.S.A. 1991 Supp. 25-2311, as amended by L. 1992, ch. 194, sec. 6; 25-3304.
The county election officer and deputy election officers are obligated to inform persons registering to vote that they may also declare a party affiliation, and a notice outlining the procedure is to be posted at each registration place. K.S.A. 1991 Supp. 25-3306. Whenever a name is purged or removed from the voter registration books, the name is to also be purged or removed from the party affiliation list. K.S.A. 25-3303. Based on the treatment by the legislature of statutes regarding declaration of a party affiliation, we find it is the intent of the legislature to treat declaration of a party affiliation as an extension of registering to vote. Therefore, declaration of a party affiliation may be conducted only by the county election officer and deputy election officers at places designated by the county election officer. Such an interpretation is consistent with that interpretation historically applied by the secretary of state's office, and deferred to by the legislature.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm