Mr. Meredith Williams Executive Secretary Kansas Public Employees Retirement System Capitol Tower, Suite 200 400 S.W. 8th Topeka, Kansas 66603-3925
Dear Mr. Williams:
As executive Secretary for the Kansas public employees retirement system (KPERS), you request our opinion regarding whether KPERS must maintain as open certain information about members of KPERS. Specifically, you ask whether KPERS must disclose to requesting lobbying organizations and interested parties information including the names and addresses of KPERS' members.
It is declared to be the public policy of the state that public records are to be open for inspection by any person unless otherwise provided in the Kansas open meetings act, K.S.A. 45-215 et seq. K.S.A. 45-216. Public record is defined in subsection (f) of K.S.A. 45-217 as including "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency including, but not limited to, an agreement in settlement of litigation involving [KPERS] and the investment of moneys of the fund." A public agency is not required to disclose:
 "(1) Records the disclosure of which is specifically prohibited or restricted by federal law, state statute or rule of the Kansas supreme court or the disclosure of which is prohibited or restricted pursuant to specific authorization of federal law, state statute or rule of the Kansas supreme court to restrict or prohibit disclosure." K.S.A. 45-221.
Powers and duties of the board of trustees for KPERS are set forth in K.S.A. 74-4909. Subsection (10) of the statute provides:
 "Each member's account and records shall be administered in a confidential manner and specific data regarding the member shall not be released unless authorized in writing by the member; however, the board may release information to the employer or to other state and federal agencies as the board deems necessary."
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992). Under the doctrine of operative construction, the court will give deference to the agency's interpretation of the law although the court may substitute its judgment for that of the agency's. Boatwrightv. Kansas Racing Commission, 251 Kan. 240, 246 (1992); State Dept. of SRSv. Public Employee Relations Board, 249 Kan. 163, 166 (1991). Executive construction of a statute is entitled additional weight when it has been impliedly endorsed by the legislature, as by reenactment in the same or substantially same terms, or by failure of the legislature, with knowledge of such construction, to change the law or adopt amendments.Gorup v. Kansas Public Employees Retirement System, 3 Kan. App. 2d 676,680 (1979). All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. EarlyDetection Center, Inc. v. Wilson, 248 Kan. 869, 874 (1991).
The provision set forth in subsection (10) of K.S.A. 74-4909 was originally enacted in 1974. The provision clearly obligates KPERS to administer the members' accounts and records in a confidential manner. Specific data regarding a member may not be released without written authorization of the member. KPERS has consistently interpreted the provision since its enactment so as to preclude releasing a member's name and address. The legislature has through the years left the provision in substantially the same form while amending other provisions of the statute. We determine that subsection (10) of K.S.A. 74-4909 precludes KPERS from disclosing a member's name and address to persons or organizations, other than the member's employer or other state or federal agencies, without written authorization from the member. Pursuant to subsection (a)(1) of K.S.A. 45-221, KPERS is not obligated to disclose a member's name and address.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm