No. 35,661

In re Estate of MARGARET ANN TROUT, a Minor (HERMAN OSMENT, Guardian of Margaret Ann Trout, *Appellee,* v. PEGGY B. TROUT, *Appellant*).

(131 P. 2d 640)

Opinion filed December 12, 1942.

*John B. Bryant,* of Wichita, argued the cause, and *B. Mack Bryant,* of Wichita, was on the briefs for the appellant.

*Oliver A. Witterman,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises out of proceedings originally commenced in the probate court.

On April 12, 1940, Peggy B. Trout filed a petition in the probate court alleging that she was the guardian of Margaret Ann Trout;

that Earl R. Trout, the father of the minor and the husband of the petitioner, died intestate on March 3, 1940; that Earl R. Trout had been previously married and the minor was the issue of such marriage; that after the death of the minor's mother, Earl R. Trout had transferred all of his insurance to said minor; that a few days before his death Earl R. Trout had declared his intention to transfer one-half of his insurance to his wife, the petitioner, but he was suddenly stricken and did not do so; that owing to the fact he had been married to petitioner less than one year prior to his death all of his social security insurance was likewise payable to his minor daughter, with the result that at the time of his death he did not leave funds to pay the expenses of his last illness and funeral. The petition further alleged that in all fairness and equity it was only right and proper that such bills be paid, and since he did leave insurance and had declared his intention to transfer said insurance so that funds would be available out of which the bills might be paid, petitioner asked that she be authorized to pay them out of the funds in her possession as guardian, to be charged as a claim against the estate of the minor. The order of the probate court, made the same day the petition was filed, discloses by failure to mention the same that no notice was given to the minor, nor was any guardian *ad litem* appointed for her. The order made authorized the guardian to pay the bills and directed that she file proper receipts and account therefor in her next accounting and settlement.

At some date not disclosed by the record as abstracted, Peggy B. Trout was removed as guardian and ordered to make settlement. She filed a final report in which she claimed credit for the aforementioned bills. Upon the hearing thereof the minor was represented by a guardian *ad litem*. At the hearing the probate court approved the settlement, and made allowances to the guardian *ad litem* and to the attorney for the guardian for services, denied petitioner's request for compensation for her services, and directed her to pay over the funds in her hands to Herman Osment, the succeeding guardian. Mrs. Trout did not appeal from this order, but Osment, the guardian, did.

On hearing in the district court, that court found the payment of the expenses of last illness and funeral of the minor's deceased parent was without legal right or authority, and disapproved the same, and set aside the guardian's settlement insofar as those bills were allowed and approved, and it ordered the probate court to enter

appropriate orders, and that Osment, the guardian, proceed to collect the said items for the use and benefit of the minor's estate.

From that order Peggy B. Trout appeals to this court.

Before taking up the specifications of error as presented by the appellant, we discuss the situation presented. Our attention is directed to no statute or decision of this court that renders a minor liable for the expenses of last illness or funeral of his deceased parent. Under G. S. 1941 Supp. 59-1804, the duties of a guardian are set forth, and without detailing all of them, it is provided the guardian shall prosecute and defend for his ward, shall pay the reasonable charges for the support, maintenance and education of the ward, and shall pay all just and lawful debts of the ward. There certainly is nothing in that section which renders the minor liable or permits the guardian to pay funeral expenses of his ward's parents. But even if there were provision for liability, of what effect was the order of the probate court?

Under G. S. 1941 Supp. 59-2267, it is provided that any person having a demand, other than tort, against the estate of a ward, or against his guardian, may present it to the probate court for determination, and upon proof procure an order for its allowance. Under 59-2201 every application, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. That was done in this case. From that point on the record is negative. There is no showing that when the petition was filed the court fixed the time and place of hearing (59-2204), nor was there any finding notice was not deemed necessary, nor was any order for notice made nor any notice given (59-2208), and on this point alone it might well be held the order subsequently made was void. Although in instances appointment of a guardian *ad litem* may be discretionary, where, as here, the appointed and acting guardian was proponent of a claim, failure of the court to appoint a guardian *ad litem* was an abuse of discretion.

Appellant's first specification of error is that the district court erred in refusing to dismiss the appeal taken by the successor guardian to the district court. The record does not disclose that any such motion was made in or presented to the district court. If it were made and denied, there was no error. Without elaboration, it may be said that an order made without notice and without appointment of a guardian *ad litem* authorizing a guardian to use assets of her ward to pay a claim proposed by her was not a final

order or decision. It is obvious that in such case there was no one to appeal. In the instant case we are not advised from the record as abstracted when the successor guardian was appointed, nor just what notice was given of the hearing on the final report of the guardian, but it clearly appears that the ward was there represented by guardian *ad litem*, and that the successor guardian timely appealed to the district court.

Appellant also contends the second guardian was estopped to appeal to the district court, this on the theory that she complied with the order of the probate court and was estopped, therefore her successor was estopped. There is nothing in the record as abstracted to indicate this question was ever presented to the district court— there is no showing of any motion to dismiss for the reason asserted, nor any abstract showing the factual situation asserted ever existed. It would require much more than is here shown to hold that a minor's rights are barred by estoppel.

Appellant directs our attention to provisions of the probate code to the effect that probate courts have jurisdiction to appoint guardians, to make necessary orders relating to their estates, etc., and to exercise certain equitable powers (G. S. 1941 Supp. 59-301 [6] [12]), and to our decision in *Sheneman v. Manring*, 152 Kan. 780, 107 P. 2d 741, wherein this court approved an order of a probate court directing the guardian of an incompetent father to make provision for his indigent daughter, under circumstances set out in that opinion to which reference is made. We are asked to invoke so-called equity powers and reverse the district court. The Sheneman case is not susceptible of the interpretation given it by the appellant. The situation dealt with in that case was within the purview of the probate code, as a reading of that opinion will disclose. There the father had statutory duties to perform toward his indigent daughter. Here the attempt is to pay the deceased father's debts and funeral expenses out of his minor daughter's estate.

The allegations of the petition are that the minor's estate consists of insurance moneys, and it is these moneys which the appellant desired applied to the payment of the expense of the last illness and funeral of the ward's father and the appellant's deceased husband. Such insurance moneys were exempt from liability for the assured's debts (G. S. 1935, 40-414), and social welfare payments, if that is what was meant by appellant's use of the phrase "social security insurance" were likewise exempt (G. S. 1941 Supp. 39-717).

Equity follows the law, it does not ignore it. Such equitable power as the probate court possessed in the premises did not justify or permit the order made.

Appellant's last complaint is that the probate and district courts erred in not allowing her compensation for her services. We need not discuss this assignment further than to say the probate court refused her any allowance and she never appealed from that ruling, and the matter never reached the district court.

The judgment of the district court is affirmed.