IN THE MATTER OF THE GUARDIANSHIP OF
BARBARA KAY WALKER, A MINOR.

CAROLYN V. BOURNE, APPELLANT, v. DAVID H. WALKER AND FIRST NATIONAL BANK OF NEVADA, AS JOINT GUARDIANS OF THE ESTATE OF BARBARA KAY WALKER, A MINOR, RESPONDENTS.

No. 4105

July 1, 1958.                                    327 P.2d 344.

(Petition for Rehearing denied August 11, 1958.)

*Hawkins, Rhodes and Hawkins,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey and Thompson,* of Reno, for Respondents.

## O P I N I O N

By the Court, MERRILL, J.:

This is an appeal from an order settling an annual account filed by the guardians of the estate of a minor child. The appeal is taken by Carolyn V. Bourne, grandmother of the minor, who purports to be acting in the capacity of next friend of the minor.

On November 1, 1957, respondents as guardians of the estate of Barbara Kay Walker, a minor then 14 years of age, presented their third annual account. Appellant upon her own initiative, without application or consent of the ward, and with no court appointment or approval, filed objections to the account. Over the protests of respondents that she had no interest and no standing to represent the minor, the court below permitted her to participate in the hearing on the account. No determination was made upon her right to participate, the court ruling instead that there was no merit to the objections made by her to the account. On November 25, 1957, the court below entered its order approving and settling the account. From that order this appeal is taken.

Respondents have moved to dismiss the appeal upon two grounds: (1) That the order appealed from is not an appealable order; and (2) that appellant is not an aggrieved party to the appeal in that she has no personal interest in the estate and no standing as representative of the minor. The matter is now before the court upon this motion to dismiss.

Settlement of a guardian's intermediate account is not expressly made appealable by statute and is not specified as an appealable order by Rule 72(b) NRCP. The question, therefore, is whether the order from which this appeal is taken can be said to possess that degree of finality which would constitute it in effect a final judgment.

Respondents have cited several cases to the effect that settlement of a guardian's intermediate account is not final and does not constitute res judicata; that such settlement is regarded only as prima facie evidence of the state of the account and in the interests of the ward remains subject to reexamination upon the settling of subsequent accounts.

It should be noted, however, that this rule has reference to the ex parte settlement of accounts by the court in its administration of estates and does not have reference to the determination of any dispute between parties litigant. In the case before us it is the position of appellant upon this motion that on behalf of the ward she has objected to the account in question; that the dispute created by the objections was adjudicated and determined by the court below in its order of settlement and that this appeal is taken from such determination.

To the extent that a dispute between interested parties was before the court below and was determined it may well be that the order was final and would constitute res judicata as to the matters in dispute. It would, then, constitute final judgment upon such matters and would be appealable as a final judgment.

Respondents contend that this is contrary to the rule that a ward cannot maintain an action against his guardian respecting matters of his estate until there has been a final accounting by the guardian. See 25 Am.Jur. 97, Guardian and Ward, secs. 157, 158. Upon this proposition authority is divided. The contrary view as expressed in In Re Montgomery's Estate, 140 Wash. 51, 248 P. 64, 65, appeals to us as the better rule. There the court said, "But we think a ward not bound to sit idly by and see his guardian appropriate to himself and claim as his own that which belongs to the ward, with the hope that when the final account is rendered he may receive back that which is his, if the guardian or his bondsmen be able and willing to respond. While the ward may wait until after his majority to bring such an action, we

should not deny the assertion of his rights because made prior to that time. Rather should we look with favor upon a prompt assertion of his claim."

The question, then, is whether the court below was confronted with an actual dispute between interested parties and thus in settling the account was not only administering an estate but also was formally adjudicating a dispute. Since appellant had no personal interest in the dispute, the answer to this question will depend upon whether, in objecting to the account, she can be said to have been acting in a representative capacity with authority to commit the minor to the dispute and to the manner in which it was resolved.

This brings us to the second ground for the motion to dismiss. Respondents contend that appellant is not properly before us in a representative capacity. They first rely upon the holding of this court in In Re Ray's Estate, 73 Nev. 212, 314 P.2d 378, which held that the mother of a minor has no standing to represent the minor in a dispute with reference to the minor's interest in a decedent's estate. The reason for the holding in that case was that in a decedent's estate a representative for the minor has been provided by law: the court-appointed attorney for minor heirs. By law it is provided that this attorney shall represent the interest of the minor in all matters concerning the estate. In the instant case no provision is made by law for a representative of the minor in any disputes with the guardian which may arise regarding the estate. In Re Ray's Estate is not, then, authority for the proposition that petitioner would not be a proper representative of the minor in any dispute arising between the minor and her guardian with reference to the minor's estate.

Respondents next contend that since appellant appeared without court authority on her own initiative rather than the ward's application, she was a mere volunteer and cannot be said to have been appearing in a representative capacity.

Nevada law is silent upon the nature of the functions

and authority of a next friend. Rule 17(c) NRCP provides "If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem." Under common law there was little, if any, difference between the functions of a next friend and of a guardian ad litem in representing an infant party to a suit or action. Technically a next friend ordinarily represented a plaintiff while a guardian ad litem represented a defendant. The guardian ordinarily was appointed by the court, while a next friend was not required to secure court appointment. Both, however, were regarded as officers of the court. See 43 C.J.S. 275, Infants, sec. 107. In many states the function of the guardian ad litem is recognized to include the representation of infant plaintiffs as well as infant defendants. See 27 Am.Jur. 835, Infants, sec. 116. This is so in the State of Nevada.

NRS 12.050 provides in part, "When a guardian ad litem is appointed by the court he must be appointed as follows: (1) When the infant is plaintiff, upon the application of the infant if he be of the age of 14 years or if under that age upon the application of a relative or friend of the infant."

Rule XXIX of the District Court Rules provides, "No person shall be appointed guardian ad litem, either upon the application of the infant or otherwise, unless he be the general guardian of the infant, or an attorney, or other officer of this court, or is fully competent to understand and protect the rights of the infant; has no interest adverse to that of the infant, and is not connected in business with the attorney or counsel of the adverse party, nor unless he be of sufficient pecuniary ability to answer to the infant for any damage which may be sustained for his negligence or misconduct in defense of the suit."

It is clear not only that a guardian ad litem is a proper representative of an infant plaintiff, but that in order to represent the infant he must act under court appointment as a court officer and certain conditions must be

met to the satisfaction of the court. Furthermore, if the infant is over the age of 14 years, the application must be made by the infant himself. NRS sec. 12.050 (1).

It would not do to permit one to avoid these requirements as to guardians ad litem by simply designating himself a next friend and, without meeting such requirements or securing the approval of the infant himself, commit the infant to the consequences of a dispute at law. NRS 159.010 recognizes the power of the court "to appoint or allow any person as the next friend of a minor to commence and prosecute any suit in behalf of a minor." We conclude that if one, as a next friend, is to act in a representative capacity with power to commit the minor he represents to a particular dispute and to the legal consequences of a determination by a court of law, he must qualify in the same manner as a guardian ad litem.

Appellant contends that this is contrary to the holding of this court in Baker v. Baker, 59 Nev. 163, 87 P.2d 800, 96 P.2d 200. In that case, an action for divorce brought against an insane wife, the wife appealed from the decree through her brother who had been appointed in Illinois as her conservator. This court held the appeal proper, notwithstanding the fact that it was not taken on the wife's behalf by her guardian ad litem appointed to represent her in the court below. The question in that case was not whether appellant's brother could, without court authority, involve appellant in a dispute. She was already so involved. The question was whether the brother could bring that dispute to this court on behalf of the appellant. This court did no more than formally grant the brother authority to prosecute the appeal on his sister's behalf where the court-appointed guardian ad litem had failed to act. This authorization was based upon principles of comity in recognition of the fact that the brother already served in a representative capacity under Illinois appointment. The case is not in point.

We conclude that appellant was not acting in a representative capacity in the court below and cannot, in a

representative capacity be said to be an aggrieved party to this appeal. There was, then, no dispute between interested parties which the court below was called upon to determine and the order from which this appeal is taken was not a judicial determination of a dispute. It was not, then, a final judgment upon matters in dispute. The motion to dismiss must be granted upon both grounds.

Appellant contends that, as one sincerely and naturally interested in the welfare of the minor, she should have a right to be heard upon such matters as the guardians' accounts and that approval by the court and by the minor should not be prerequisite to her right to file objections. This is the position she took in the court below. She there contended that because of the circumstances there was no other impartial person to object to the account and to assist the court in performing the court's function of examining the accuracy of the account.

There may well be merit in this contention. It does, however, reduce the status of the next friend of a minor to that of a friend of the court to the end that assistance can be offered without being regarded as mere intermeddling. Such assistance is offered, however, as an aid to the court which the court in its discretion may accept or reject. It cannot be said to create a dispute to which the minor is a party and which must be resolved by the court in the form of a judgment.

Appeal dismissed.

BADT, C. J., and EATHER, J., concur.