No. 46,875

SAFEWAY STORES, INC., *Appellee,* v. DIRECTOR OF REVENUE OF THE
STATE OF KANSAS, *Appellant.*

(506 P. 2d 1124)

Opinion filed March 3, 1973.

*Robert L. Deam,* of Topeka, argued the cause, and *William L. Harris, Jr.,*
and *Gerald W. Hill,* both of Topeka, were on the brief for the appellant.

*Milton C. Clarke,* of Swanson, Midgley, Eager, Gangwere and Thurlo, of
Kansas City, Mo., argued the cause, and *Warren W. Shaw,* of Shaw, Hergen-
reter, Quarnstrom and Wright, of Topeka, was with him on the brief for the
appellee.

*Per Curiam:* This is an appeal by the state director of revenue
from the trial court's decision which overturned a board of tax
appeals' ruling favorable to the director. During the period in ques-
tion the Kansas retailers' sales tax act (K. S. A. 79-3601, *et seq.*)
imposed a tax of 3% on the selling price of certain commodities,
"selling price" being defined as the total cost to the consumer
exclusive of certain items including federal retailer's excise tax and
any specific excise tax imposed by the state of Kansas (K. S. A.
79-3602[g], since amended).

The parties stipulated that appellee Safeway collected from its
retail customers 3% sales tax on the selling price of cigarettes and
beer which included the excise tax; that, including the excise tax,
27% of the sales of cigarettes and 85% of the sales of cereal malt
beverages did not result in putting the total sales to the retail
customers into a higher sales tax bracket as promulgated by the
department of revenue.

K. S. A. 79-3604 provides that the retailer shall collect the full
amount of the tax imposed by the act or an amount equal as nearly
as possible or practicable to the average equivalent thereof, which
statute fathered the tax bracket system.

During the audit period 1964 to 1968, appellee reported each
month, on forms furnished it by appellant, all its gross receipts,
including the appropriate Kansas excise taxes on cereal malt bever-
ages and cigarettes sold, and exempt sales made from its various
stores located in the state of Kansas. In determining its sales tax

liability appellee deducted the Kansas excise taxes and exempt sales from its gross receipts, as provided on the form. The amounts of gross receipts, the amounts of Kansas excise taxes on cereal malt beverages and cigarettes and the amounts of exempt sales so reported are not in dispute and the amounts reported were properly and timely paid by appellee.

In 1970, by amendment of K. S. A. 79-3602 (g), the legislature deleted the deduction of the excise tax, which is essentially what appellant contends should be done during the audit period in issue here.

When the legislature amends provisions of a statute, it is presumed the legislature intended to change the law from that which it was prior to the amendment (*Curless v. Board of County Commissioners,* 197 Kan. 580, 587, 419 P. 2d 876), and such amendment may be considered in construing the act prior to amendment. Hence we must conclude appellee's action was correct. The forms furnished by the state for computing sales tax liability properly provided spaces showing gross sales and proper deductions therefrom including excise taxes. Appellee, having properly complied with the then applicable statutes, as reflected and sanctioned on the forms of appellant and having paid the taxes thereon, owes no further amount. Any excess collected over and above the brackets is minimal and unascertainable.

Judgment affirmed.