(755 P.2d 22)

No. 60,145

In The Matter of The Conservatorship of L.M.S. and R.D.S, minors.

—

Opinion filed May 27, 1988.

*William C. Weber*, of Cobean, Weber & Renn, of Wellington, for appellant conservator.

Before BRAZIL, P.J., REES and SIX, JJ.

BRAZIL, J.: John Alfred Scott, conservator for L.M.S. and R.D.S., minors, appeals the decision of the district court setting aside a previous order allowing fees and expenses and disallowing $8,365.79 in conservatorship expenses.

The mother of L.M.S. and R.D.S., both minors, was shot and killed by the minors' father. Shortly thereafter Scott filed a petition for the appointment of a conservator for L.M.S. and R.D.S., and Linda L. Pfalzgraf was appointed attorney for the minors to represent them "at all stages of the proceedings

herein." Scott was appointed as conservator for both minors; the order was filed December 1, 1983. During this same period, Scott filed another action asking that the children be adjudicated children in need of care, and they were placed in the care of Scott and his wife where they remained until November 1985. Pfalzgraf was appointed as guardian ad litem in the child in need of care proceedings.

On March 8, 1984, the court allowed the conservator attorney fees, the support and maintenance expenses requested by Scott, and a monthly allowance of $450 for future support and maintenance. On April 3, 1985, the court approved Scott's annual accounting. In both instances the court ruled that notice of the time and place of the hearing was "not necessary or required by law."

On November 7, 1985, Pfalzgraf filed a petition seeking to set aside the order allowing fees and expenses and the order approving the annual accounting because she, as guardian ad litem for the children in the child in need of care case, had not received notice of the hearings.

At this point Judge McDaniel apparently recused himself (nothing appears in the record), and Judge Renner ruled that Pfalzgraf should have been given notice and set aside both previous orders. At a hearing held before Judge Renner on May 28, 1986, the court disallowed total claimed expenses in the amount of $8,365.79, and ordered the conservator to reimburse the conservatorship in that amount.

On appeal Scott contends (1) that Pfalzgraf lacked standing to file the petition to set aside the orders, (2) that there should have been an evidentiary hearing before setting aside Judge McDaniel's orders, and (3) that the court erred in disallowing expenses and ordering reimbursement. We affirm.

1. Who may contest a voidable order

Scott contends Pfalzgraf was never appointed guardian ad litem for the children in the conservatorship proceedings, her appointment as attorney under K.S.A. 59-3011 ended when he was appointed as conservator, and Pfalzgraf therefore had no standing to contest the orders approving his claims against the children's estates. Scott claims, in effect, that K.S.A. 59-1717, K.S.A. 59-3030, and K.S.A. 1987 Supp. 59-2208 give the trial

court absolute discretion to decide who will receive notice of its proceedings and yet issue orders that bind even interested persons who received no notice. This is not the law in Kansas.

Pfalzgraf's standing to ask the court to set aside its orders approving Scott's claims is governed by K.S.A. 59-1703. Article 17 of chapter 59 of our statutes contains provisions applicable to all estates. K.S.A. 59-1701 *et seq.*; see *In re Lake*, 7 Kan. App. 2d 586, 588, 644 P.2d 1368, *rev. denied* 231 Kan. 800 (1982) (K.S.A. 59-1711 provides a procedure for removing guardians and conservators). K.S.A. 59-1703 provides in pertinent part: "[A]ny transaction which is affected by a substantial conflict of interest on the part of the personal representative . . . is voidable unless: . . . (2) the transaction is approved by the court after hearing upon notice to interested persons."

Scott's claims involved a substantial conflict of interest. A large portion of the claims was based on alleged expenditures as guardian for the children's support and maintenance; this included $450 per month for shelter expense. He also claimed over $5,000 in attorney fees for both the conservatorship and the juvenile proceedings. The claims covered a period of about thirteen months and amounted to about thirty percent of the total estate of the children as of the end of that period.

In *Osment v. Trout*, 156 Kan. 120, 122-23, 131 P.2d 640 (1942), the court declared, "Without elaboration, it may be said that an order made without notice and without appointment of a guardian *ad litem* authorizing a guardian to use assets of her ward to pay a claim proposed by her was not a final order or decision." Consequently, the court concluded a successor guardian could properly appeal the probate court's order approving the first guardian's settlement which included the claim. 156 Kan. at 122-23. Although *Osment* arose under former statutes, it still supports the view that orders approving a conservator's claim against his conservatee's estate are not necessarily binding on the conservatee. By amending K.S.A. 59-1703 (Corrick) in 1975 to add the previously quoted provision, L. 1975, ch. 299, § 12, the legislature did override *Osment* to the extent of requiring the conflict of interest to be substantial and making the orders final but voidable rather than not final.

The question remains, though, whether Pfalzgraf was a proper

person to contest the orders. We find the statutes do not specifically address this question. Pfalzgraf's petition sought to set aside the orders made without notice to her as guardian ad litem and "other interested parties," and the court's ruling setting aside the orders stated that notice should have been given to her as guardian ad litem for the children. While there is some question whether Pfalzgraf was the children's guardian ad litem for purposes of the conservatorship proceedings, there is no question the court could have appointed her under K.S.A. 59-2205 once it recognized the problem of lack of effective notice to the children in its prior proceedings. We construe the court's order as one which again appointed Pfalzgraf as the children's guardian ad litem if her prior appointment had ended. In the situation presented by this case, we hold any person may petition the court as the next friend of the children to bring the conservator's conflict of interest to the court's attention, and the court may recognize that person or appoint another to represent the children's interests. See *In re Lake*, 7 Kan. App. 2d 586 (husband as next friend sought change of wife's guardian and conservator); K.S.A. 59-2205, 1939 Judicial Council Comment ("The appointment of a guardian *ad litem* is discretionary; unnecessary in merely formal matters. If a contest is imminent or substantial rights are affected, one should be appointed.")

2. Evidentiary hearing

Scott further argues the court's orders should not have been set aside without an evidentiary hearing. He contends the trial judge who entered those orders would have testified Scott's attorney had consulted with the judge and followed the judge's directions for handling Scott's claims. These facts, even if true, would not create a need for an evidentiary hearing. The judge's final order, entered without appointing an independent representative for the children, approved this procedure no matter how instigated, and the judge's active participation in choosing the procedure would not validate an otherwise improper course of action. The trial court did not err in setting aside the previous orders without an evidentiary hearing.

3. Disallowed expenses

Finally, Scott claims the court erred in disallowing the shelter and health insurance expenses and some of the attorney fees he

claimed from the children's estates. He apparently believes both items come within K.S.A. 59-1717, which provides in part: "Every fiduciary shall be allowed his or her necessary expenses incurred in the execution of his or her trust, and shall have such compensation for services and those of his or her attorneys as shall be just and reasonable." This statute authorizes payment only for expenses, including attorney fees, incurred as the conservator of the children's estates. However, K.S.A. 1987 Supp. 59-3018 provides in part:

"(b) The guardian of a minor shall be entitled to the custody and control of the ward and shall provide for the ward's education, support and maintenance.

. . . .

"(f) A guardian of a ward is not obligated by virtue of the guardian's appointment to use the guardian's own financial resources for the support of the ward."

K.S.A. 59-3019 provides in part:

"A conservator shall be subject to the control and direction of the court at all times and in all things. Said conservator shall . . . (3) pay the reasonable charges for the support, maintenance, and education of the conservatee in a manner suitable to the conservatee's station in life and the value of the conservatee's estate."

Thus, the guardian is authorized to provide the conservatee's support and maintenance and the conservator is authorized only to pay those expenses. Scott as guardian was, therefore, seeking to recover the costs of the children's shelter and health insurance from Scott as conservator under the authority of K.S.A. 59-3026, which generally allows demands against a conservatee's estate to be made in court, and not under K.S.A. 59-1717.

Both K.S.A. 59-1717 and K.S.A. 59-3019 require the court to determine what charges are reasonable for the permitted expenses. This leaves the determination to the trial court's discretion, and this court will reverse that determination only when the court abuses its discretion. "If reasonable [persons] could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion." *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

It is clear the trial court properly denied Scott's claim for attorney fees he incurred in the juvenile case concerning the children. These fees were for his own benefit and did not constitute an expense of conserving the children's estates.

Scott cites an Internal Revenue Service publication and a Social Security law service to support his claim the court abused its discretion in denying his claim for shelter and health insurance expenses. These authorities, of course, are not binding on the trial court. Scott asked the court to allow him a proportional share of his mortgage payment, real estate taxes, homeowners insurance premiums, utilities, and medical and dental insurance as part of the cost of the children's support and maintenance, but admitted at the hearing he had to pay the same amount for these expenses whether the children lived with him or not. At the time in question, the two conservatees were somewhere between one and four years old. Given the age of the children, the size of their estate, their income, their possible future needs, and the temporary status of their placement with this guardian, we believe a reasonable person could take the view they should not be required to contribute toward the costs of the guardian's home, utilities, and health insurance, which were unaffected by their presence. Consequently, we cannot say the trial court abused its discretion in disallowing these costs.

We note Scott's reliance on the trial court's original order is misplaced. That order was set aside following Pfalzgraf's petition. Thus, it no longer had any effect, and the trial court had to consider the case as if that order had never been made.

Finally, Scott claims that the judgment should not bear interest. K.S.A. 1987 Supp. 16-204 provides for interest on any judgment rendered by a court of this state. The district court was justified in requiring interest to be paid on the reimbursement.

Affirmed.