(777 P.2d 1274)
No. 63,441

In the Matter of the Guardianship and Conservatorship of K.M.W.

Opinion filed July 28, 1989.

*Kenneth M. Carpenter*, of Carpenter Chartered, of Topeka, pro se appellant.

*Andrea M. Ramsay*, of Wichita, for the appellee, K.M.W.

Before ABBOTT, C.J., BRAZIL and LEWIS, JJ.

LEWIS, J.: Kenneth M. Carpenter appeals from an order of the district court of Sedgwick County which reduced by 50 percent the amount of attorney fees which he had previously been allowed by the district court of Shawnee County.

This litigation has its roots in a petition filed in Sedgwick County alleging that K.M.W., a resident of Sedgwick County, was a disabled person who was hospitalized in the VA hospital in Topeka and requesting appointment of a guardian and conservator for him. The petitioner, Andrea M. Ramsay, asked that she be appointed as guardian and conservator and further asked that an attorney or guardian ad litem be appointed to represent K.M.W. throughout the proceedings.

Although the record does not reflect it, the Sedgwick County District Court appointed Carpenter as the attorney or guardian ad litem for K.M.W. Carpenter filed a motion pursuant to K.S.A. 59-3016(b) asking that the place of the hearing on the petition for guardianship and conservatorship be changed from Sedgwick County to Shawnee County. His motion was duly served on all interested parties and, upon its hearing, the Sedgwick District Court changed the place of hearing on the petition to Shawnee County pursuant to K.S.A. 59-3016.

At the noticed time, the district court of Shawnee County heard the petition for the appointment of a guardian and conservator, made the necessary findings of fact, appointed Andrea M. Ramsay as guardian and conservator, allowed her a fee, taxed certain costs as court costs, and required Carpenter to petition the court for his attorney fees.

Subsequent to the Shawnee County District Court order, Carpenter filed his "Petition for Approval of Fees" with that court,

wherein he alleged he performed 6.25 hours of service in the matter and asked for a fee of $437.50. Carpenter gave no notice of the hearing on his petition for attorney fees to Ramsay or to anyone else. In due time and without notice, the Shawnee County District Court allowed Carpenter attorney fees in the amount of $437.50.

After Ramsay became aware of the award of attorney fees, she brought the matter before the district court of Sedgwick County and inquired as to whether she was authorized to pay the fee allowed by the Shawnee County court. After some deliberation, the Sedgwick County District Judge, apparently without notice to Carpenter or anyone else, decided that the attorney fees allowed were excessive; he cut them in half, and authorized Ramsay to pay Carpenter $218.75.

Carpenter, upon discovering that his fees had been cut in half, filed a "Petition to Compel Payment of Attorney's Fees" in Sedgwick County. This petition cited the Shawnee County court action and asked that the guardian and conservator be compelled to pay the remaining $218.75 of the attorney fees allowed by the Shawnee County court. In February 1989, Judge Helsel, of the Sedgwick County District Court, heard the petition to compel filed by Carpenter, denied it, and ordered that no further attorney fees be paid to Carpenter for his services in the matter. This appeal followed to determine whether Carpenter is entitled to the additional $218.75.

We first note that the issue presented on this appeal is rather narrow. The only issue briefed and presented to this court is whether the court-appointed guardian and conservator should be compelled to pay the attorney fees ordered by the Shawnee County District Court. We are not asked to determine if the requested fees are reasonable, whether the Shawnee County District Court abused its discretion in allowing the fees in the first place, or whether the Sedgwick County District Court abused its discretion in concluding the fees allowed were excessive.

While we are aware of the narrowness of the issue before us, we pause to note that an expenditure of 6.25 hours in preparing for and representing an individual in a guardianship and conservatorship action does not appear to be at all excessive, nor does the hourly rate charged shock our conscience. With these

comments, we offer nothing further concerning the propriety of the legal fees involved and proceed to decide the issues presented on this appeal.

After a review of the matter, we have concluded that the guardian and conservator cannot be compelled to obey an order allowing attorney fees under the circumstances presented. We have no choice but to affirm the decision of the Sedgwick County District Court to that effect.

The proceedings which give rise to this dispute are guardianship and conservatorship proceedings which are governed by chapter 59 of the Kansas Statutes Annotated. We first note that, pursuant to K.S.A. 59-2203, the specific venue statute of application in this case, venue for guardianship proceedings may be had in the county of the residence of the proposed ward, *or* in the county where he may be found. On the other hand, venue for conservatorship proceedings is limited to the county in which the proposed ward resides.

Further, K.S.A. 1988 Supp. 59-3009, which is a procedural statute as opposed to one specifically dealing with venue, makes the same distinction as to where an action for guardianship may be filed as compared to one for conservatorship:

"Any person may file in the district court of the county of the residence or presence of the proposed ward a verified petition for the appointment of a guardian. Any person may file in the district court of the county of the residence of the proposed conservatee a verified petition for the appointment of a conservator."

It is obvious in an action dealing strictly with guardianship that it is proper either in the county of residence of the proposed ward or in the county where the proposed ward may be found. However, in the case of an action for the appointment of a conservator, the only proper venue for a conservatee who is a resident of this state is the county in which that proposed conservatee resides regardless of where he may be physically located. In the case now before this court, the action was brought for the appointment of both a guardian and a conservator. Since the conservator action could only be filed in Sedgwick County, it follows that the proper venue in this case was in Sedgwick County.

Although procedures exist in probate court to transfer venue in certain cases (see K.S.A. 59-3017), this is not what was done in the case at bar. The change of place of hearing only from one

county to another is accomplished under K.S.A. 59-3016, which reads as follows:

"After the petition provided for in K.S.A. 59-3009 or 59-3027, and amendments to these sections, is filed, the district court may at any time, on its own motion or upon the written request of any person, change the place of hearing on such petition:

"(a) To the county of the residence of the proposed ward or ward;

"(b) To the county in which the proposed ward or proposed conservatee or ward or conservatee is a patient receiving care or treatment under the authority of a psychiatric hospital;

"(c) To any other county designated by the court, when the proposed ward or proposed conservatee or ward or conservatee has made a request for a change of hearing and the district court finds that the proposed ward or proposed conservatee or ward or conservatee cannot obtain a fair hearing."

The statute goes on to outline the authority of the court to which the hearing is changed as follows:

"When any order changing the place of hearing is issued, the district court issuing such order shall transmit to the district court in which the hearing is to be held a certified copy of all pleadings and orders in the case.

"Any district court to which the hearing is changed shall proceed in the case as if the petition had been originally filed therein and shall cause notice of the change of the place of the hearing to be given to the persons and in the manner provided for in K.S.A. 59-3012 and amendments thereto, except that the court need not issue the order for mental evaluation pursuant to subsection (a)(6) of K.S.A. 59-3010 and amendments thereto, if such order has previously been issued *and the court shall not determine the suitability of nor appoint or discharge a guardian or conservator.*

"Any district court holding such a hearing shall transmit a statement of any court costs incurred and a certified copy of all pleadings and findings of fact in the case to the district court having venue. Upon receipt of such certified copy, the court having venue shall hold a hearing, after having given such notice as the court may direct. At such hearing, the court shall either grant or deny the request contained in the petition or shall dismiss the case as the findings of fact in the certified copy may indicate." (Emphasis added.)

In applying the provision of that statute to the present case, the function of the district court of Shawnee County was to hold a hearing on the facts alleged in the petition for the appointment of a guardian and conservator, make the necessary findings of fact, and remand the matter back to the district court of Sedgwick County for further proceedings. Once the Shawnee County District Court determined the facts, its jurisdiction was exhausted; it had no further authority in the matter and full jurisdiction was returned to Sedgwick County. Despite the change in the place of hearing, venue remained at all times in Sedgwick County.

It is further clear that, under K.S.A. 59-3016, the Shawnee County District Court did not have authority to appoint a guardian and conservator, although it appears to have done so, but those actions have not been questioned and its authority is not an issue in this appeal. Once transferred back to Sedgwick County, that court, as the court of venue, would then correctly appoint a guardian and conservator, issue the letters of guardianship and conservatorship, and decide any other issues remaining in the matter.

This being the case, the Shawnee County District Court had no authority or jurisdiction to hear the petition filed by Carpenter for his attorney fees. We note that, by the time that petition was filed, the Shawnee County District Court had determined that the allegations of the petition seeking a guardian and conservator were true and that K.M.W. was disabled and required a guardian and conservator. The court lacked authority to do anything more in the case, including allowing the attorney fees sought by Carpenter. The correct procedure would have been to have referred Carpenter's petition back to the court of venue in Sedgwick County. While this was not done directly, our review of the record reveals that the issue of attorney fees was presented to and decided by the district court of Sedgwick County.

Even if we were to assume that the Shawnee County court had jurisdiction to act on the petition for attorney fees, we would still have no choice but to affirm the decision of the trial court. We hold that all parties to the action were entitled to notice and an opportunity to be heard on the petition for attorney fees filed by Carpenter. The record shows that the guardian and conservator was given no notice of any kind and no opportunity to be heard on the matter and, thus, cannot be compelled to obey the order on attorney fees.

We consider the claim of Carpenter for attorney fees was a demand against the estate within the meaning of K.S.A. 59-3026. K.S.A. 1988 Supp. 59-2212 provides that, at any probate hearing, the procedure on any issue of fact or controverted matter shall be as in other civil cases except if otherwise stated in the act for obtaining a guardian and conservator. There are no statutory procedures for notice of contested guardian ad litem fees contained in chapter 59. Therefore, the rules in civil cases apply. K.S.A. 1988 Supp. 60-205 provides that a motion shall be served

on the other party unless the matter may be heard ex parte, and that service may be made by mail. It must be served five days prior to the date set forth for hearing as provided in K.S.A. 1988 Supp. 60-206. While there is no specific statute ordering that a hearing must be held to determine fees requested by an attorney appointed pursuant to K.S.A. 59-3010(a)(3), K.S.A. 59-2201 provides that an application in a probate proceeding shall be by petition signed and verified by or on behalf of the petitioner. When the petition is filed, the court shall set it for hearing. K.S.A. 1988 Supp. 59-2204.

K.S.A. 1988 Supp. 59-2208 states that when notice of a probate proceeding is required by law or deemed necessary by the court and the procedure for giving notice is not specifically set forth, the court shall order notice to all interested parties and set the time for giving of that notice. These procedures have been held applicable to claims against guardianship estates and, if they are not followed, the order obtained without the giving of notice is void. *Osment v. Trout*, 156 Kan. 120, 122, 131 P.2d 640 (1942). In *Osment*, the court stated the rules regarding probate petition notice applied to claims under G.S. 1941 Supp. 59-2267, which was similar to the present K.S.A. 59-3026.

We hold that, even assuming the district court of Shawnee County had some jurisdiction to determine attorney fees, the order awarding attorney fees to Carpenter was void for the reason that notice was not given to interested parties, particularly the guardian and conservator.

We conclude that the district court of Sedgwick County was correct in refusing to compel the guardian and conservator to pay the balance of the attorney fees awarded by the district court of Shawnee County.

Affirmed.